EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
CHRISTOPHER S. LAVIN (Bar No. 301702)
christopher.lavin@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Attorneys for Plaintiffs
ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC.<br>ILLUMINA CAMBRIDGE LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>Defendants. | Case No. 20-cv-1465<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

1   Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively "Illumina" or "Plaintiffs") for

2   their Complaint against defendants BGI Genomics Co., Ltd. ("BGI Ltd."), BGI Americas Corp.

3   ("BGI Americas"), MGI Tech Co., Ltd. ("MGI Ltd."), MGI Americas, Inc. ("MGI Americas"), and

4   Complete Genomics Inc. ("CGI") (collectively "BGI" or "Defendants"), allege as follows:

5                                              **INTRODUCTION**

6          1.      This case is about the latest attempt at brazen infringement of Illumina's patented

7   DNA sequencing technology by BGI, which is headquartered in Shenzhen, China. Illumina is

8   internationally recognized as the leading supplier of patented DNA sequencing equipment. Its

9   sequencers have been widely recognized for their high quality and performance. Indeed, Illumina's

10  sequencers have been the engine for the biotech revolution, including major advances in healthcare

11  for expectant mothers and cancer patients, among others. BGI has imitated Illumina's sequencers.

12  It markets copies of those sequencing systems without authorization from Illumina and in violation

13  of its patent rights. BGI started its commercialization effort in China and other places outside the

14  reach of United States patent law. It is now importing its infringing sequencers into the United

15  States, using them in its San Jose, California facility, has announced a commercial launch, and is

16  threatening to sell them throughout the United States.

17         2.      Specifically, Illumina brings this action to halt BGI's infringement of U.S. Patent

18  Nos. 7,771,973 (the "'973 Patent"), 7,541,444 (the "'444 Patent"), and 10,480,025 (the "'025

19  Patent"). Exs. 1 ('973 Patent), 2 ('444 Patent) & 3 ('025 Patent).

20         3.      Defendants have imported their infringing DNA sequencing systems into the United

21  States, and have installed and operated them at their San Jose, California facility.  They have

22  provided notice to Illumina and announced publicly that they intend to make infringing sequencing

23  instruments and CoolMPS™ reagents commercially available in direct competition with Illumina

24  in the United States.

25         4.      This District has familiarity with related patents as well as this dispute.  Illumina has

26  previously filed suit against BGI asserting related patents in this District, and that case remains

27  pending. *Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770-WHO (N.D. Cal.) (Judge William H.

28

1   Orrick).   Previously, this Court had enforced the related U.S. Patent No. 7,566,537 (the "'537

2   Patent"), issuing an injunction against earlier infringers in the face of a host of failed patent validity

3   challenges. *Illumina, Inc. v. Qiagen, NV*, 207 F. Supp.3d 1081 (N.D. Cal. 2016) (Judge William

4   Alsup).

5       5.      CGI has previously filed IPRs on the related '537 Patent, and CGI listed BGI Ltd.

6   and BGI Americas as real parties in interest, evidencing their involvement with the infringing

7   activities that are the subject of this suit. IPR2017-02172, Paper 1 (PTAB Oct. 5, 2017) and

8   IPR2017-02174, Paper 1 (PTAB Oct. 5, 2017). But CGI failed to identify MGI Ltd. and MGI

9   Americas as real parties in interest despite their involvement with the infringing products.

10       6.      In addition to the familiarity this District has with related patents and the dispute,

11   Illumina brings this action in the Northern District of California because Defendants are heavily

12   present in this District and are infringing the '973, '444, and '025 Patents at their San Jose,

13   California facility in this District.

14       7.      As a result of BGI's infringement, and given the threat of its growing infringement,

15   Illumina faces a substantial risk of irreparable harm if such infringement is not halted.

16                                   **PARTIES**

17       8.      Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business

18   at 5200 Illumina Way, San Diego, California 92122.

19       9.      Plaintiff Illumina Cambridge Ltd. is a foreign corporation with its principal place of

20   business at Chesterford Research Park, Little Chesterford, Saffron Walden, Essex CB10 1XL,

21   United Kingdom.

22       10.     Plaintiff Illumina Cambridge Ltd., a wholly-owned subsidiary of Illumina, Inc., is

23   the owner by assignment of all right, title and interest in and to the '973, '444 and '025 Patents.

24   Illumina Inc. is the exclusive licensee of the '973, '444 and '025 Patents with the right to sue to

25   enforce their exclusive rights.

26       11.     Defendant BGI Ltd. is a Chinese corporation that has its headquarters at Building

27   No.7, BGI Park, No.21 Hongan 3rd Street, Yantian District, Shenzhen 518083, China. BGI Ltd.

28

---

1  controls BGI Americas, MGI Ltd., MGI Americas, and CGI as though they were not separate legal

2  entities and represents publicly that it has facilities in San Francisco, San Jose, Los Angeles, and

3  San Diego. Among other things, it directs, funds, and manages the infringing activity set forth in

4  this Complaint.

5        12.    Defendant BGI Americas has a principal place of business at 2904 Orchard Pkwy,

6  San Jose, California 95134. BGI Americas is, among other things, a sales and marketing arm of

7  BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

8        13.    Defendant MGI Ltd. is a Chinese corporation that has its headquarters at Building

9  No.11, Beishan Industrial Zone, Yantian District, Shenzhen 518083, China. MGI Ltd. is, among

10  other things, responsible for developing and distributing the infringing sequencing technology. It

11  represents publicly that it has facilities in San Jose, California. With BGI Ltd., it directs, funds and

12  manages the infringing activity set forth in this Complaint.

13        14.    Defendant MGI Americas has a principal place of business at 2904 Orchard Pkwy,

14  San Jose, California 95134. MGI Americas is, among other things, a sales and marketing arm of

15  BGI that is involved directly and indirectly with the infringing activity set forth in this Complaint.

16        15.    Defendant CGI has a principal place of business at 2904 Orchard Pkwy, San Jose,

17  California 95134. CGI is, among other things, a research and development entity supporting the

18  accused activity and is involved directly and indirectly with the infringing activity set forth in this

19  Complaint.

20        16.    Each and all of the Defendants had and have actual or constructive knowledge of the

21  events, transactions, and occurrences alleged herein, and either knew or should have known of the

22  conduct of their co-defendants and cooperated in, benefited from and/or ratified such conduct.

23  **JURISDICTION AND VENUE**

24

25        17.    This action arises under the Patent Laws of the United States of America, 35 U.S.C.

26  § *1 et seq.* This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because

27  this is a civil action arising under the Patent Act.

28

18.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b). Among other things, each of the Defendants maintains and/or is responsible for the use of regular and established physical places of business in this District. The facts establishing this are included throughout this Complaint. As examples, BGI Americas, MGI Americas and CGI all have principal places of business at the same address: 2904 Orchard Pkwy, San Jose, California 95134.

19.     For the foreign Defendants, venue is proper under 28 U.S.C. § 1391(b) and (c), and 1400(b), because as foreign defendants they may be sued in any judicial district, including in this District. This District is a convenient forum for resolution of the parties' disputes set forth herein and Judges Alsup and Orrick of this District have experience with related patents. This foreign defendant venue allegation applies to at least BGI Ltd. and MGI Ltd., whom both represent themselves as foreign corporations.

20.     This Court has personal jurisdiction over each of the Defendants via general and/or specific jurisdiction. The Defendants have systematic and continuous contacts in California such that they are essentially at home in California, as set forth throughout this Complaint. They have minimum contacts in California sufficient to warrant the exercise of jurisdiction given their contacts in relation to the infringing activity and otherwise, as set forth throughout this Complaint. Insofar as the Defendants, including BGI Ltd. and MGI Ltd., deny that they are subject to personal jurisdiction in any individual jurisdiction, the aggregation of their contacts throughout the United States supports the exercise of personal jurisdiction over them.

21.     Furthermore, the same listed Defendants in this suit are also currently Defendants in a previously suit filed by Illumina asserting other related patents. *Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770 (N.D. Cal.) (Judge William H. Orrick).  At least BGI Americas, MGI Ltd., MGI Americas, and CGI have not challenged this Court's jurisdiction or venue in that suit.

22.     BGI Ltd. manages the infringing activity in California by controlling the Defendants and, directly and indirectly, funding, developing, marketing, promoting and operating the infringing sequencing systems:

a.   BGI Ltd.'s website represents that it has multiple locations in California, including San Francisco, San Jose, Los Angeles, and San Diego. Ex. 50 (available at: http://en.genomics.cn/en-global.html (last accessed: February 25, 2020) (*red box showing U.S. locations in San Francisco, San Jose, Los Angeles, and San Diego added*)). It touts that it has both "representative offices" and "laboratories" in California.



b.   BGI Ltd. promotes the infringing DNBSEQ products by directing its marketing efforts to California, including its press releases and other communications.

c.   BGI Ltd.'s executives travel to California to manage and promote the infringing products. This includes BGI Ltd.'s presence at industry and trade shows, including SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018); American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019). Exs. 51, 7-11. For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January

1              2018. Ex. 7. Indeed, BGI Ltd.'s executives often travel to this District in connection

2              with the infringing activity.

3       d.      In March 2019, BGI Ltd. entered into a $50 million partnership with Natera, Inc.

4              ("Natera"), a company headquartered in San Carlos, CA, which permits Natera to

5              use the infringing DNA sequencing products for commercial purposes. Ex. 11.

6      23.      Further, the following is an exemplary list of various employees associated with

7 "BGI Group"—an amorphous label used by BGI—that are involved with development and/or

8 marketing of the infringing technology:

9       a.      Group VP and CEO of BGI Americas Region at BGI Group, Yongwei Zhang, resides

10              in Sunnyvale, CA. Ex. 12.

11       b.      Director of Product Management, Ke Zhan, identifies BGI Ltd. as being located in

12              San Jose, California and that he works for this entity. Ex. 13.

13       c.      BGI Group–Business Development Associate, Yuhan Zhang, resides in the San

14              Francisco Bay Area and worked in San Jose, California. Ex. 14. In this role, Ms.

15              Zhang "[i]dentified new business opportunities, reached out to potential partners and

16              managed existed relationship through email campaign, framed contracts and MoU."

17              Further, she describes her responsibilities as having, "[o]rganized and supported

18              marketing events in North and South America to promote the brand and publicity."

19              *Id.*

20      24.      At a minimum this Court has jurisdiction over BGI Ltd. because Plaintiffs' claims

21 arise under federal law, BGI Ltd. is not subject to general jurisdiction in any state's courts of general

22 jurisdiction, and this exercise of jurisdiction comports with due process. With regard to due process,

23 BGI Ltd. has continuous and systematic contacts with California that gives rise to infringement,

24 including targeting the California market for its products as a whole, through at least advertising,

25 threatening to sell, providing service and support, and/or disseminating literature on Defendants'

26 sequencing products on its website. Also, its contacts with this forum in connection with the

27 infringing activity are sufficient to support the exercise of specific jurisdiction.

28

25.     Defendant BGI Americas is present in California and commits acts of infringement in California:

a.      BGI Americas is present in this District with its "West Coast Innovation Center" in San Jose, California where it conducts research. Ex. 15. It announced the expansion of that facility at the ASMS Conference in San Jose, California in May 2019. Ex. 16. This is evidence that BGI Americas is physically located in this District.

b.      BGI Americas is involved in the research and development of BGI's NGS technologies at its San Jose, California facility. *Id.*

c.      Several senior-level BGI Americas employees involved with product development, sales and marketing of the infringing technology state they live in this District. For example, BGI Americas' Group VP, CEO of the Americas Region, Yongwei Zhang, BGI Americas' Director of Marketing, Johan Christiaanse, and BGI America's Regional Sales Manager, Rosanna Schroeder, reside in the San Francisco Bay Area. Exs. 12, 17-18. This is evidence that BGI Americas is physically located in this District and involved with the infringing technology in California.

d.      On information and belief, BGI Americas offers a variety of biotechnology services to customers in North and South America including services related to Defendants' sequencing products, including arranging for sequencing services for North and South American customers to be performed in laboratories outside the United States. Ex. 38 at 2-3.

26.     At a minimum this Court has jurisdiction over BGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, BGI Americas has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on Defendants' sequencing products on its website. Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

27.     Defendant MGI Ltd. is present in California and commits acts of infringement in California:

a.      MGI Ltd. recently announced plans to make commercially available infringing sequencing instruments and CoolMPS™ reagents in the United States. Ex. 39.

b.      A map on MGI Ltd.'s website shows that it has a Silicon Valley, California facility that is a "State-of-the-art technology research and development base." Ex. 19 (available at: https://en.mgitech.cn/page/gsjj.html (last accessed: February 26, 2020) (*red box showing U.S. location in Silicon Valley, California added*))



c.      MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation." Ex. 20. NGS stands for "next generation sequencing." MGI states on its website: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." *Id.* This is evidence that MGI Ltd. and MGI Americas are responsible for infringement of the '973, '444, and '025 Patents.

d.     MGI Ltd. through its President, Duncan Yu, appeared at the J.P. Morgan Healthcare Conference in San Francisco, California on January 9, 2019 to promote its infringing sequencers by announcing its price and promoting its intent to sell them in the United States. Ex. 21. This is evidence that MGI Ltd. is responsible for the infringement of the '973 Patent in this District.

e.     On March 4, 2019 in San Jose, California, MGI Ltd. announced claimed improvements to its sequencing technology and its plans to enter the United States market. Exs. 22-23.

f.     MGI Ltd. is involved in the research, development and marketing of the infringing products. Exs. 20-23.

g.     Senior-level MGI Ltd. employees involved with product development and marketing of the infringing products are located in this District. For example, MGI Ltd.'s Chief Science Officer, Rade Drmanac, Director of Business Development, Jia Sophie Liu, and VP of Engineering, Paul Lundquist, state they reside in the San Francisco Bay Area. Exs. 24-27.

28.     At a minimum this Court has jurisdiction over MGI Ltd. because Plaintiffs' claims arise under federal law, MGI Ltd. is not subject to general jurisdiction in any state's courts of general jurisdiction, and this exercise of jurisdiction comports with due process. With regard to due process, MGI Ltd. has continuous and systematic contacts with California, including targeting the California market for its products as a whole, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on Defendants' sequencing products on its website. Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

29.     Defendant MGI Americas is present in California and commits acts of infringement in California:

a.     Counsel for Defendants have provided notice to Illumina that MGI Americas intends to make infringing sequencing instruments and CoolMPS™ reagents commercially available in the United States. Ex. 40.

b.     Counsel for Defendants have also provided notice to Illumina that MGI Americas intends to make infringing sequencing instruments and standardMPS reagents available to key opinion leaders on a no cost trial basis in the United States. Ex. 40.

c.     MGI Ltd. and MGI Americas claim to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation." Ex. 20. NGS stands for "next generation sequencing." MGI states on its website: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." *Id.* This is evidence that MGI Americas and MGI Ltd. are responsible for the infringement of the '973, '444, and '025.

d.     MGI Americas is involved in the research, development and marketing of the infringing products. *Id.*

e.     MGI Americas' field service engineer, Abigail Frank, states she "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

f.     On information and belief, MGI Americas is responsible for sales and marketing of sequencing instruments and related materials in North and South America.  Ex. 38 at 3.

30.    At a minimum this Court has jurisdiction over MGI Americas because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, MGI Americas has continuous and systematic contacts with California, including targeting the United States as a market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on Defendants'

sequencing products on its website. Also, its contacts with this forum in connection with the infringing activity are sufficient to support the exercise of specific jurisdiction.

31.   Defendant CGI is present in California and commits acts of infringement in California:

a.   CGI is involved in the development, marketing and operation of the infringing products in its San Jose, California facility. Ex. 29.

b.   Several senior-level CGI employees involved with product development and marketing state they live in this District. For example, CGI's Vice President of Marketing, Suzanne Yakota, CGI's Director, Shifeng Li, and CGI's Chief Scientific Officer, Rade Drmananc, state they reside in the San Francisco Bay Area. Exs. 24, 30-31.

c.   CGI Fluidics Systems Engineer, Wei Wang, states she "[e]nsures the proper installation qualification and operation qualification (IQ/OQ), and instrument performance verification (IPV) of NGS systems, such as the BGISEQ-500 in an ISO 17025 accredited and customer-oriented environment." Ex. 32. Ms. Wang elaborates she is "[r]esponsible for creating and compiling comprehensive nprocedural documentation for NGS systems, for processes including IQ/OQ, IPV, troubleshooting, repairs, replacement parts, calibrations, and maintenance." *Id.*

d.   CGI further recently began seeking to hire at least a "Sr. Regional Sales Manager/Director" and "Strategic Accounts Specialist/Manager/Director" based in San Jose, California. Exs. 33-34. According to the job postings, the positions, *inter alia*, would: (i) "provide a one touch-point for the global customers with the full MGI product portfolio"; (ii) "[n]avigate orders through the customer purchasing process"; and (iii) be "responsible for leading regional sale activities for MGI's NGS Sequencing instruments, reagents, software or solutions in the designated region." *Id.*

32.     At a minimum this Court has jurisdiction over CGI because Plaintiffs' claims arise under federal law and this exercise of jurisdiction comports with due process. With regard to due process, CGI has continuous and systematic contacts with California, including targeting the California market for its products, through at least advertising, threatening to sell, providing service and support, and/or disseminating literature on Defendants' sequencing products on its website.

33.     Alternatively, this Court has general and/or specific jurisdiction over all Defendants because they are alter-egos of one another and/or agents of each other because they have common directors, officers, and executives and do not respect corporate formalities. It would be unjust to treat them each as separate legal entities as they do not treat each other as such. This establishes personal jurisdiction and mutual liability because the activity of each Defendant is imputed to the other Defendants.

**INTRA-DISTRICT ASSIGNMENT**

34.     Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District. However, because Judge William H. Orrick is currently presiding over another case in which Illumina is asserting related patents (*Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770 (N.D. Cal.) (Judge William H. Orrick), this case is properly assigned to his Court in the San Francisco Division.

**BACKGROUND**

**The DNBSEQ Systems Infringe the '973, '444 and '025 Patents**

35.     On August 10, 2010, the United States Patent and Trademark Office duly and legally issued the '973 Patent, entitled "Modified Nucleotides." The named inventors of the '973 Patent are John Milton, Xioalin Wu, Mark Smith, Joseph Brennan, Colin Barnes, Xioahai Liu, and Silke Ruediger. By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '973 Patent. The application leading to the '973 Patent was first published on December 31, 2009.  The '973 Patent is attached hereto. Ex. 1.

36.     On June 2, 2009, the United States Patent and Trademark Office duly and legally issued the '444 Patent, entitled "Modified Nucleotides." The named inventors of the '444 Patent are John Milton, Xioalin Wu, Mark Smith, Joseph Brennan, Colin Barnes, Xioahai Liu, and Silke Ruediger. By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '444 Patent. The application leading to the '444 Patent was first published on July 19, 2007. The '444 Patent is attached hereto. Ex. 2.

37.     On November 19, 2019, the United States Patent and Trademark Office duly and legally issued the '025 Patent, entitled "Labelled Nucleotides." The named inventors of the '025 Patent are Shankar Balasubramanian, Colin Lloyd Barnes, Xiaohai Liu, John Milton, Xiaolin Wu and Harold Swerdlow. By operation of law and as a result of written assignment agreements, Illumina, specifically plaintiff Illumina Cambridge Ltd., obtained the entire right, title, and interest to and in the '025 Patent. The application leading to the '025 Patent was first published on January, 2017.  The '025 Patent is attached hereto. Ex. 3.

38.     The '973 and '444 Patents both claim priority to at least U.S. Patent Application No. 10/227,131 ("'131 App"). '973 Patent at 1:6-15.  Similarly, the '025 Patent claims priority to at least the '131 App. '025 Patent at 1:6-24.  Likewise, the '537 Patent, which CGI has previously filed unsuccessful validity challenges against in the PTAB, is a divisional of the '131 App. Ex. 41 at 1:5-9. Defendants and Illumina have and continue to litigate numerous patents related to those asserted here, both in the United States and in other jurisdictions.  *See Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770-WHO (N.D. Cal.) (Judge William H. Orrick) (discussed above). For example, on March 29, 2019, Illumina sued another BGI subsidiary, Lativa MGI Tech, in German Court, alleging infringement of the related European Patent EP1530578B1, which contains claims that are substantially similar to those in the '444 patent. *Illumina v. Latvia MGI Tech SIA*, LG Düsseldorf. On information and belief, Defendants monitor Illumina's patents, and are or should be aware of the '973, '444, and '025 Patents at least by the date they were first published.  At the very least, Defendants are aware of Illumina's patented sequencing technology and its public

1    enforcement against infringers, including Defendants. Nevertheless, Defendants have copied that

2    technology.

3         39.    Alternatively, Defendants were or should have been aware of the '973, '444, and

4    '025 Patents at least by October 5, 2017, when CGI filed IPR2017-02172 against the related '537

5    Patent.

6         40.    Alternatively, on information and belief, Defendants were or should have been aware

7    of the '973, '444, and '025 Patents at least by December 28, 2018, when they directed and controlled

8    an opposition filed against the related European Patent No. EP3002289B1.

9         41.    Alternatively, Defendants were or should have been aware of the '973, '444, and

10    '025 Patents at least by July 1, 2019, when they were served with the complaint alleging

11    infringement of the related '537 Patent, as discussed above.

12         42.    In or around October 2015, BGI Ltd. launched the BGISEQ-500, a desktop

13    sequencing instrument. According to BGI Ltd., the BGISEQ-500 was "developed by it's [sic]

14    Complete Genomics Subsidiary in Silicon Valley, California." Ex. 7 at 2. In or around November

15    2016, BGI Ltd. launched the BGISEQ-50, a smaller version of the BGISEQ-500. In or around

16    October 2017, BGI launched two genetic sequencing instruments, the MGISEQ-200 and the

17    MGISEQ-2000, now rebranded as the DNBSEQ-G50 and the DNBSEQ-G400, respectively, as

18    upgrades to the BGISEQ-50 and BGISEQ-500. Ex. 42. In or around October 2018, MGI announced

19    a new model called the MGISEQ-T7, now rebranded as the DNBSEQ-T7. Ex. 42. The former

20    BGISEQ and MGISEQ devices, now known as DNBSEQ devices, are identified in MGI Ltd.'s

21    product brochures, on the "Sequencer" section of MGI Ltd.'s website, and the product user manuals,

22    which are all publically accessible on MGI Ltd.'s website. A copy of the previous MGISEQ-2000

23    product brochure, relevant pages of the website itself, and the user manual are attached. Exs. 35

24    (brochure), 36 (website), 37 (user manual). Current versions for the DNBSEQ-G400 of the same

25    are also attached. Exs. 43 (brochure), 44 (website), 45 (user manual).

26         43.    Throughout this Complaint, the terms "DNBSEQ systems" or "DNBSEQ

27    sequencers" are used to refer to all the Defendants sequencers, both past and present, including

28

without limitation the MGISEQ-T7, MGISEQ-2000, MGISEQ-200, BGISEQ-500, BGISEQ-50, DNBSEQ-T7, DNBSEQ-G400, DNBSEQ-G50, and DNBSEQ-G400 FAST sequencers. Throughout this Complaint, the term "DNBSEQ Sample Preparation Systems" is used to refer to all the Defendants automated sample preparation systems, both past and present, including without limitation the MGISP-960, MGISP-100, MGIFLP-SL200, and MGIFLP-L200. On information and belief, the MGISP-960 and MGISP-100 are both automated systems that prepare the DNA Nanoballs (DNBs) for use on DNBSEQ sequencers. Exs. 46 and 47. On information and belief, the MGIFLP-SL200 and MGIFLP-L200 are modular systems that include as at least one module a DNBSEQ sequencer, and it should be understood that all allegations in this Complaint as to the DNBSEQ sequencers apply to MGIFLP-SL200 and MGIFLP-L200 systems which contain those DNBSEQ sequencers. Throughout this Complaint, the term "DNBSEQ reagent kits" is used to refer to all the Defendants reagents and reagent kits which contain nucleotides with a 3'-O-azidomethyl blocking group, both past and present, including without limitation both the "standardMPS" and "CoolMPS™" sequencing reagents and reagent kits, and any additional reagents or reagent kits that contain nucleotides with a 3'-O-azidomethyl blocking group. *See e.g.* Ex. 48 at 1 (listing, without limitation, available CoolMPS™ kits for DNBSEQ-G400RS) and Ex. 49 at 1 (listing, without limitation, available standardMPS kits for DNBSEQ-G400RS).  On information and belief, the DNBSEQ reagent kits contain infringing nucleotides for use in the infringing sequencing method.

44.     The DNBSEQ systems, DNBSEQ Sample Preparation Systems, DNBSEQ reagent kits, and any related products and services are collectively referred to throughout this Complaint as "DNBSEQ products." For the avoidance of doubt, on information and belief, in this Complaint Illumina accuses as infringing the '973, '444, and '025 Patents all Defendants' sequencers, sample preparation systems, reagent kits, and any related products and services, past, present, and future, which use, prepare samples for use with, contain, or practice methods using nucleotides with a 3'-O-azidomethyl blocking group.

45.     MGI, Ltd.'s Chief Scientific Officer, Rade Drmanac, stated that "the current sequencing chemistry relies on stepwise sequencing-by-synthesis (SBS) where 3'-blocked

nucleotides are labeled with cleavable fluorescent dyes, which leave behind a molecular 'scar' after they are removed. This chemistry is similar to that used by Illumina and others." Ex. 22 at 3.  He goes on to explain that "MGI has now developed a chemistry that involves unlabeled 3'-blocked nucleotides and uses four types of fluorescently labeled monoclonal antibodies for detection that are each specific for one base." Ex. 22 at 3. Although Defendants assert this new technology does not use labeled nucleotides, on information and belief, it uses "unlabeled 3'-blocked nucleotides," which infringe the '973 and '444 Patents.  Further, "[t]he fluorescent dyes to label the antibodies are similar to those currently used to label the nucleotides, so no changes to the hardware of the instruments are needed." Ex. 22 at 4; *see also* Ex. 22 at 3 ("[T]he company's new CoolNGS [now known as CoolMPS™] sequencing chemistry, which will be compatible with the MGISEQ-200 [now known as DNBSEQ-G50], MGISEQ-2000 [now known as DNBSEQ-G400], and MGISEQ-T7 [now known as DNBSEQ-T7]…").

46.     On January 24, 2020, Counsel for Defendants provided notice to Illumina that "MGI Americas intends to make its sequencers and reagent kits commercially available in the United States after 60 days. The sequencing reagent kits that will be commercially available will not include the labeled nucleotides that are presently accused [in *Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770 (N.D. Cal.) (Judge William H. Orrick)]." Ex. 40.

47.     Also on January 24, 2020, in the same communication, Counsel for Defendants provided notice to Illumina that "MGI Americas may begin placing sequencers with [key opinion leaders] on a no-cost trial basis and may provide sequencing reagent kits to [key opinion leaders] on a no-cost basis (for their use with the sequencers or for sequencing performed by MGI Americas), where such kits may include, but are not limited to, those with the labeled nucleotides that are presently accused [in *Illumina, Inc. v. BGI Genomics Co.*, 19-cv-03770 (N.D. Cal.) (Judge William H. Orrick)]." Ex. 40.

48.     In or around February 21, 2020, MGI, Ltd. announced "commercial availability of its sequencing instruments and reagent kits in the United States" based on MGI's "CoolMPS™ sequencing chemistry, starting in April of this year." Ex. 39. MGI explained it "is planning to roll

1  out its G series DNBSEQ sequencers first in Q2 and then its T series DNBSEQ sequencers in Q3,

2  and it will take steps to launch" the "CoolMPS sequencing kits along with its family of library

3  preparation kits." *Id.* The article also cites to a preprint publication "(bioRxiv, doi:

4  https://doi.org/10.1101/2020.02.19.953307)" in discussing the technical parameters of the

5  CoolMPS™ system. *Id.*

6      49.  In or around February 20, 2020, Defendants published a preprint research article

7  entitled *CoolMPS™: Advanced massively parallel sequencing using antibodies specific to each*

8  *natural nucleobase* on the preprint server bioRxiv. Ex. 52. That article is cited in Ex. 39 announcing

9  the launch of the CoolMPS™ chemistry. On information and belief, that publication contains the

10  technical details and development of the CoolMPS™ chemistry that Defendants have provided

11  notice and announced publicly they intend to make commercially available in the United States.

12      50.  To demonstrate how Defendants infringe at least claim 13 of the '973 Patent with

13  their DNBSEQ products, attached is a preliminary and exemplary claim chart. Ex. 4. This chart is

14  not intended to limit Plaintiffs' right to modify this chart or any other claim chart or allege that other

15  activities of Defendants infringe the identified claims or any other claims of the '973 Patent or any

16  other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that

17  is mapped to DNBSEQ products and related reagents shall be considered an allegation within the

18  meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is

19  required.

20      51.  Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a),

21  literally or under the doctrine of equivalents, at least claim 13 of the '973 Patent by using the

22  DNBSEQ sequencers and related reagents within the United States. Defendants have used the

23  DNBSEQ sequencers in the United States as part of their preparations to enter North American

24  markets, specifically in connection with research, development, testing, and/or promotional

25  activities related to the products. Defendants also use the DNBSEQ products and related reagents

26  in the United States whenever they install these types of sequencers at a United States facility. This

27  includes the BGI facilities in San Jose, California.

28

52.     Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b). In addition to inducing infringement by third parties, each Defendant is inducing infringement of the other Defendants. The operation of Defendants' DNBSEQ products directly infringe at least claim 13 of the '973 Patent. Defendants actively induce infringement by promoting the infringing products, encouraging their infringing use and threatening to sell them throughout the United States. Defendants have provided Illumina notice and have announced publicly plans to sell infringing products in the United States. Additionally, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manger/Director, in the United States to promote and sell the infringing products domestically. As a further example, Defendants distribute DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in websites directed to the United States market.

53.     Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c). Users of the DNBSEQ products directly infringe at least claim 13 of the '973 Patent when they use these systems. Defendants contribute to infringement by supplying in the United States products designed for use in practicing claim 13 of the '973 Patent, including for example the DNBSEQ systems themselves, DNBSEQ reagent kits, and DNBSEQ Sample Preparation Systems and by announcing plans to sell those systems throughout the United States.

54.     To demonstrate how Defendants infringe at least claim 3 of the '444 Patent with their DNBSEQ products, attached is a preliminary and exemplary claim chart. Ex. 5. This chart is not intended to limit Plaintiffs' right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims or any other claims of the '444 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to DNBSEQ products and related reagents shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

55.     Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, at least claim 3 of the '444 Patent by using the

DNBSEQ sequencers and related reagents within the United States. Defendants have used the DNBSEQ sequencers in the United States as part of their preparations to enter North American markets, specifically in connection with research, development, testing, and/or promotional activities related to the products. Defendants also use the DNBSEQ products and related reagents in the United States whenever they install these types of sequencers at a United States facility. This includes the BGI facilities in San Jose, California.

56.     Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b). In addition to inducing infringement by third parties, each Defendant is inducing infringement of the other Defendants. The operation of Defendants' DNBSEQ products directly infringe at least claim 3 of the '444 Patent. Defendants actively induce infringement by promoting the infringing products, encouraging their infringing use and threatening to sell them throughout the United States. Defendants have provided Illumina notice and have announced publicly plans to sell infringing products in the United States. Additionally, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manager/Director, in the United States to promote and sell the infringing products domestically. As a further example, Defendants distribute DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in websites directed to the United States market.

57.     Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c). Users of the DNBSEQ products directly infringe at least claim 3 of the '444 Patent when they use these systems. Defendants contribute to infringement by supplying in the United States products designed for use in using claim 3 of the '444 Patent, including for example the DNBSEQ systems themselves, DNBSEQ reagent kits, and DNBSEQ Sample Preparation Systems and by announcing plans to sell those systems throughout the United States.

58.     On information and belief, Defendants have supplied in or from the United States the DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '444 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the

1  United States in a manner that would infringe the patent if such combination occurred within the

2  United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief,

3  Defendants have supplied in or from the United States components of the DNBSEQ products, which

4  products are especially made or especially adapted for use in practicing the claims of the '444 Patent

5  and are not staple articles or commodities of commerce suitable for substantial noninfringing use,

6  knowing that such component is so made or adapted and intending that such component will be

7  combined outside of the United States in a manner that would infringe the patent if such combination

8  occurred within the United States, in violation of 35 USC § 271(f)(2).

9      59.     To demonstrate how Defendants infringe at least claim 1-8 of the '025 Patent with

10  their DNBSEQ products, attached is a preliminary and exemplary claim chart. Ex. 6. This chart is

11  not intended to limit Plaintiffs' right to modify this chart or any other claim chart or allege that other

12  activities of Defendants infringe the identified claims or any other claims of the '025 Patent or any

13  other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that

14  is mapped to DNBSEQ products and related reagents shall be considered an allegation within the

15  meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is

16  required.

17      60.     Defendants have and continue to directly infringe pursuant to 35 U.S.C. § 271(a),

18  literally or under the doctrine of equivalents, at least claim 1 of the '025 Patent by using the

19  DNBSEQ sequencers and related reagents within the United States. Defendants have used the

20  DNBSEQ sequencers in the United States as part of their preparations to enter North American

21  markets, specifically in connection with research, development, testing, and/or promotional

22  activities related to the products. Defendants also use the DNBSEQ products and related reagents

23  in the United States whenever they install these types of sequencers at a United States facility. This

24  includes the BGI facilities in San Jose, California.

25      61.     Defendants are inducing infringement as prohibited by 35 U.S.C. § 271(b). In

26  addition to inducing infringement by third parties, each Defendant is inducing infringement of the

27  other Defendants. The operation of Defendants' DNBSEQ products directly infringe at least claim

28

1 of the '025 Patent. Defendants actively induce infringement by promoting the infringing products, encouraging their infringing use and threatening to sell them throughout the United States. For example, Defendants have recently began actively seeking to hire sales personnel, including at least a Senior Regional Sales Manager/Director and Strategic Accounts Specialist/Manager/Director, in the United States to promote and sell the infringing products domestically. As a further example, Defendants distribute DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in websites directed to the United States market.

62.     Defendants are contributing to infringement pursuant to 35 U.S.C. § 271(c). Users of the DNBSEQ products directly infringe at least claim 1 of the '025 Patent when they use these systems. Defendants contribute to infringement by supplying in the United States products designed for use in practicing claim 1 of the '025 Patent, including for example the DNBSEQ systems themselves, DNBSEQ reagent kits, and DNBSEQ Sample Preparation Systems and by threatening to sell those systems throughout the United States.

63.     On information and belief, Defendants have supplied in or from the United States the DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '025 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, Defendants have supplied in or from the United States components of the DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

## COUNT I

### Infringement of U.S. Patent No. 7,771,973 (the "'973 Patent")

64.     Illumina re-alleges and incorporates by this reference the allegations contained throughout this Complaint into each allegation of infringement and request for remedies.

65.     Defendants and users of Defendants' infringing products have and continue to directly infringe, literally or by equivalence, claim 13 of the '973 Patent by practicing one or more claims of the '973 Patent by using the DNBSEQ products and other infringing products. The following allegations identify the acts of direct, induced and contributory infringement by each named defendant as supplemented by the allegations throughout this Complaint.

### BGI Ltd.'s Infringement of the '973 Patent

66.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Ltd. has copied that technology. On information and belief, BGI Ltd. has had knowledge of the '973 Patent at least since December 31, 2009, when the patent application was first published. Alternatively, BGI Ltd. was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent.

67.     BGI Ltd. has failed to resist the temptation of importing its infringing technology into the large United States market and has done so in the face of the '973 Patent. BGI Ltd. knows that its activities in connection with the DNBSEQ products will infringe the '973 Patent.

### Direct Infringement By BGI Ltd.

68.     BGI Ltd. has directly infringed and continues to directly infringe the '973 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by importing the DNBSEQ products into the United States and using DNBSEQ products within the United States, among other infringing acts. Specifically, BGI Ltd. has used DNBSEQ products in the United States at its San Jose, California facility.

69.     Alternatively, BGI Ltd. directly infringes because it directs and controls other BGI entities with respect to their use of DNBSEQ products in the United States. Upon information and

1     belief, BGI Ltd. has directed, either directly or indirectly, its subsidiaries and affiliates, including

2     the other Defendants, to develop, install, and use the MGISEQ-2000 and BGISEQ-500 in its San

3     Jose, California facility. For example, BGI Ltd.'s own press release asserts that "the BGISEQ-500

4     NGS platform [was] developed by it's [sic] Complete Genomics Subsidiary in Silicon Valley,

5     California." Ex. 7 at 3. BGI Ltd.'s direction and control of this and the other infringing conduct of

6     its subsidiaries set forth herein can be reasonably inferred from BGI's public documents and

7     activity.

8        70.    For example, BGI Ltd.'s website represents that it has multiple locations in

9     California, including San Francisco, San Jose, Los Angeles, and San Diego. Ex. 50 (available at:

10    http://en.genomics.cn/en-global.html (last accessed: February 25, 2020). It touts that it has both

11    "representative offices" and "laboratories" in California, thus suggesting that it controls the

12    activities in those offices notwithstanding that they may be formally associated with another BGI

13    entity. In addition, CGI identified BGI Ltd. as a real-party-in-interest in CGI's IPR directed to the

14    '537 Patent, thus indicating that BGI Ltd. ultimately directs and controls the BGI Group's activity

15    that infringes the '973 Patent.

16        71.    Further, BGI Ltd.'s executives travel to California to manage and promote the

17    infringing products. This includes BGI Ltd.'s presence at industry and trade shows, including

18    SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare

19    Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference

20    ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018); American Society of Human Genetics

21    2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan.

22    12-16, 2019). Exs. 51, 7-10. For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District

23    of California to promote the accused products at the J.P. Morgan Conference in January 2018. Ex.

24    7. Indeed, BGI Ltd.'s executives often travel to this District in order to manage and direct the

25    infringing activity.

26        **Induced Infringement by BGI Ltd.**

27

28

1    72.    BGI Ltd. is liable for the induced infringement of the '973 Patent pursuant to 35

2   U.S.C. § 271(b). Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing

3   infringement of at least claim 13 of the '973 Patent through a range of activities related to the

4   DNBSEQ products. BGI Ltd. is responsible for substantial marketing of BGI products, including

5   the DNBSEQ, and is threatening to encourage and support the sale of those products in the United

6   States.

7    73.    BGI Ltd. has induced infringement by controlling, alone or in concert with other

8   Defendants, the design, manufacture, and supply of the DNBSEQ systems with the knowledge and

9   specific intent that users, including other Defendants, will use the DNBSEQ systems to infringe by

10  performing the patented methods of the '973 Patent. For example, BGI has controlled, alone or in

11  concert with the other Defendants, the design, manufacture, and supply of the DNBSEQ systems

12  such that the DNBSEQ systems have pre-programmed software protocols that control operation of

13  the DNBSEQ systems so that users are given the sole option of operating the DNBSEQ systems in

14  a manner that infringes.

15   74.    BGI Ltd. has induced infringement by controlling, alone or in concert with the other

16  Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the

17  DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent

18  that users, including the other Defendants, will use these products to infringe by performing the

19  patented methods of the '973 Patent.

20   75.    BGI Ltd. has induced infringement by controlling, alone or in concert with the other

21  Defendants, the design, manufacture, and supply of various reagent kits (with both standardMPS

22  and CoolMPS™ chemistry), including for example the CoolMPS High-throughput Rapid

23  Sequencing Set (DNBSEQ-G400RS FCL SE100) or DNBSEQ-G400RS High-throughput Rapid

24  Sequencing Set (FCS SE100) which contains all reagents (including dNTPs that are needed to

25  perform DNA sequencing on the DNBSEQ-G400RS), with the knowledge and specific intent that

26  users, including the other Defendants, will use these products to infringe by performing the patented

27  methods of the '973 Patent.

28

76.     BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the DNBSEQ systems with the knowledge and specific intent that users, including the other Defendants, will use these sequencing instruments to infringe by performing the patented methods of the '973 Patent. For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

77.     BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products by others, including the other Defendants. For example, BGI Ltd. is responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users to use DNBSEQ products in an infringing manner.

78.     Further, BGI Ltd. induces the infringement of the other Defendants by directing, participating in, supporting, and encouraging their use of the DNBSEQ products at the San Jose facility and elsewhere in the United States

79.     BGI Ltd. performed all these acts with knowledge that the induced acts constitute infringement. At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By BGI Ltd.**

80.     BGI Ltd. is liable for contributory infringement of the '973 Patent pursuant to 35 U.S.C. § 271(c). Specifically, BGI Ltd. has and is contributing to the infringement of the '973 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '973 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed invention of the '973 Patent.

81.     BGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the '973 Patent and that they are not a staple article or commodity of commerce suitable for

substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Ltd. knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with  DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '973 Patent. BGI Ltd. knows that the use of its products by the other Defendants and third parties infringes the '973 Patent and it supplies them anyway.

### Willful Infringement By BGI Ltd.

82.     As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Ltd.'s infringement of the '973 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, BGI Ltd., with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '973 Patent since at least December 31, 2009, when the patent application was first published. Alternatively, BGI Ltd. was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent. Despite this, BGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing infringement.

83.     BGI Ltd.'s infringement of the '973 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

84.     BGI Ltd.'s infringement of the '973 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**BGI Americas' Infringement of the '973 Patent**

85.     Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Americas has copied that technology. On information and belief, BGI Americas has had knowledge of the '973 Patent at least since December 31, 2009, when the patent application was first published. Alternatively, BGI Americas was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By BGI Americas**

86.     BGI Americas has and is directly infringing the '973 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United States, among other infringing acts. Specifically, BGI Americas has used DNBSEQ products in the United States at its San Jose, California facility.

**Induced Infringement By BGI Americas**

87.     BGI Americas is liable for their induced infringement of the '973 Patent pursuant to 35 U.S.C. § 271(b). Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 13 of the '973 Patent through a range of activities related to DNBSEQ products, among other things.

88.     BGI Americas is inducing infringement by promoting the use of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by performing the patented methods of the '973 Patent. BGI Americas is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

89.     BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by performing the patented methods of the '973 Patent.

90.     BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. By providing reagent kits for use on DNBSEQ systems, BGI Americas induces infringement.

91.     Further, BGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the DNBSEQ products at the San Jose facility and elsewhere in the United States.

92.     BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by BGI Americas**

93.     BGI Americas is liable for contributory infringement of the '973 Patent pursuant to 35 U.S.C. § 271(c). Specifically, BGI Americas contributes to the infringement of the '973 Patent by, without authority, supplying within the United States materials and apparatuses for practicing the claimed invention of the '973 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed inventions of the '973 Patent.

94.     BGI Americas knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the '973 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized

sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Americas knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '973 Patent. BGI Americas knows that the use of its products by other Defendants and third parties infringes the '973 Patent and supplies them anyway.

**Willful Infringement By BGI Americas**

95.     As set forth throughout this Complaint, BGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Americas' infringement of the '973 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, BGI Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '973 Patent since at least December 31, 2009, when the patent application was first published. Alternatively, BGI Americas was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, BGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Americas has been willfully blind to its ongoing infringement.

96.     BGI Americas' infringement of the '973 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant

1  to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

2  reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

3        97.     BGI Americas' infringement of the '973 Patent has caused irreparable harm to

4  Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

5  by this Court.

6               **MGI Ltd.'s Infringement of the '973 Patent**

7        98.     Illumina's patented sequencing technology is well-known and has been enforced

8  very publicly against infringers. Together with the other Defendants, MGI Ltd. has copied that

9  technology. On information and belief, MGI Ltd. has had knowledge of the '973 Patent at least

10  since December 31, 2009, when the patent application was first published. Alternatively, MGI Ltd.

11  was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an

12  IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them

13  with the complaint alleging infringement of the '537 Patent.

14               **Direct Infringement By MGI Ltd.**

15        99.     MGI Ltd. directly infringes the '973 Patent pursuant to 35 U.S.C. § 271(a), literally

16  or under the doctrine of equivalents, because it is responsible for the use of DNBSEQ products in

17  the United States. Specifically, because MGI Ltd. claims to be the "leading manufacturer and

18  developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used DNBSEQ products in

19  the United States. MGI Ltd.'s website states that its Silicon Valley, California facility has a "State-

20  of-the-art technology research and development base."

21              **Induced Infringement By MGI Ltd.**

22       100.     MGI Ltd. is liable for the induced infringement of the '973 Patent pursuant to 35

23  U.S.C. § 271(b). Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing

24  infringement of at least claim 13 of the '973 Patent through a range of activities related to DNBSEQ

25  products, among other infringing acts. MGI Ltd. is responsible for substantial marketing of BGI

26  products, including DNBSEQ products, and is threatening to encourage and support the sale of those

27  products in the United States.

28

101.    On information and belief, MGI Ltd. will induce infringement when it begins making infringing CoolMPS™ sequencers and reagent kits commercially available, as it announced recently. Ex. 39.

102.    MGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by performing the patented methods of the '973 Patent. For example, MGI Ltd. is the "legal manufacturer" of DNBSEQ products. MGI Ltd. controls the website on which DNBSEQ products are marketed and sold. MGI Ltd. controls the website that hosts *inter alia* the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Ltd. induces infringement.

103.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '973 Patent.

104.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the claimed inventions. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

1    105.    MGI Ltd. has induced infringement by users of its products, including the other

2    Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products

3    with the knowledge and specific intent that users will use DNBSEQ products to infringe by

4    performing the patented methods of the '973 Patent. MGI Ltd. controls the website that hosts

5    promotional and marketing materials.

6    106.    MGI Ltd. has induced infringement by distributing other instructional materials,

7    product manuals, technical materials, and bioinformatics software platforms with the knowledge

8    and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. For

9    example, MGI Ltd. is responsible for the DNBSEQ User Manuals, the various reagent kit manuals,

10   technical handbooks, product detail sheets, and technical specification sheets, all of which are

11   available on the MGI Ltd.'s website. These materials direct users, including other Defendants, to

12   use DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit handbooks

13   state that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold

14   with pre-programmed software protocols that control operation of DNBSEQ sequencers so that each

15   use of the DNBSEQ sequencer infringes. By providing reagent kits and directing users, including

16   other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Ltd. induces

17   infringement.

18   107.    Further, MGI Ltd. induces the infringement of other Defendants by participating in,

19   supporting, and encouraging their use of DNBSEQ products at the San Jose facility and elsewhere

20   in the United States.

21   108.    MGI Ltd. acted with knowledge that the induced acts constitute infringement. MGI

22   Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

23   **Contributory Infringement By MGI Ltd.**

24   109.    MGI Ltd. is liable for contributory infringement of the '973 Patent pursuant to 35

25   U.S.C. § 271(c). Specifically, MGI Ltd. contributes to the infringement of the '973 Patent by,

26   without authority, supplying within the United States, materials and apparatuses for practicing the

27   claimed invention of the '973 Patent, including at least DNBSEQ systems, the DNBSEQ Sample

28

1   Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™

2   chemistry). These products constitute a material part of the claimed invention of the '973 Patent.

3        110.    MGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use

4   with DNBSEQ systems, and the associated reagent kits, constitute material parts of the inventions

5   of the '973 Patent and that they are not a staple article or commodity of commerce suitable for

6   substantial non-infringing use. As documented above, DNBSEQ systems are specialized

7   sequencing instruments that carry out a specific method for sequencing DNA using either

8   standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or

9   apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are

10  a staple article of commerce suitable for substantial non-infringing use. MGI Ltd. knows that

11  DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ

12  systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable

13  for substantial non-infringing use because these products have no use apart from infringing the '973

14  Patent. MGI Ltd. knows that the use of its products by other Defendants and third parties infringes

15  the '973 Patent and supplies them anyway.

16        **Willful Infringement By MGI Ltd.**

17       111.    As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously

18  in performing the acts of infringement and threatening to perform the acts of infringement identified

19  in this Complaint. MGI Ltd.'s infringement of the '973 Patent has been and is deliberate and willful

20  and constitutes egregious misconduct. On information and belief, MGI Ltd., with the other

21  Defendants, monitors Illumina's patents, including the enforcement of related patents against

22  Defendants and others, in both the U.S. and abroad, and is or should be aware of the '973 Patent

23  since at least December 31, 2009, when the patent application was first published. Alternatively,

24  MGI Ltd. was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI

25  filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina

26  served them with the complaint alleging infringement of the '537 Patent. Despite this, MGI Ltd.

27  continues to perform the acts of infringement and threatens to perform the acts of infringement

28

identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing infringement.

112.    MGI Ltd.'s infringement of the '973 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

113.    MGI Ltd.'s infringement of the '973 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**MGI Americas' Infringement of the '973 Patent**

114.    Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, MGI Americas has copied that technology. On information and belief, MGI Americas has had knowledge of the '973 Patent at least since December 31, 2009, when the patent application was first published. Alternatively, MGI Americas was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By MGI Americas**

115.    MGI Americas has and is directly infringing the '973 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United States. Specifically, because MGI Americas claims to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Americas has used DNBSEQ products in the United States. MGI Americas' Silicon Valley, California facility has a "State-of-the-art technology research and development base."

**Induced Infringement By MGI Americas**

116.   MGI Americas is liable for their induced infringement of the '973 Patent pursuant to 35 U.S.C. § 271(b). Specifically, MGI Americas has and is actively, knowingly, and intentionally inducing of at least claim 13 of the '973 Patent through a range of activities related to DNBSEQ products, among other infringing acts. MGI Americas is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

117.   On information and belief, MGI Americas will induce infringement when it begins making infringing sequencing instruments and CoolMPS™ reagents commercially available, as it recently provided notice it would do. Ex. 40. On information and belief, MGI Americas will induce infringement when it begins to make infringing sequencing instruments and standardMPS reagents available to key opinion leaders on a no cost trial basis in the United States.

118.   MGI Americas has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture and supply of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by performing the patented methods of the '973 Patent. MGI Americas distributes, *inter alia*, the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ systems, BGI Americas induces infringement.

119.   MGI Americas has induced infringement by distributing materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by performing the patented methods of the '973 Patent.

120.   MGI Americas has induced infringement by distributing DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry) with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods

of the '973 Patent. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

121.   MGI Americas has induced infringement by users of its products, including other Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users will use DNBSEQ products to infringe by performing the patented methods of the '973 Patent.

122.   MGI Americas has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. For example, MGI Americas is responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold with pre-programmed software protocols that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes. By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Americas induces infringement.

123.   Further, MGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of DNBSEQ products at the San Jose facility and elsewhere in the United States.

124.   MGI Americas acted with knowledge that the induced acts constitute infringement. MGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By MGI Americas**

125.   MGI Americas is liable for contributory infringement of the '973 Patent pursuant to 35 U.S.C. § 271(c). Specifically, MGI Americas has and is contributing to the infringement of the

'973 Patent by, without authority, distributing within the United States, materials and apparatuses for practicing the claimed invention of the '973 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed invention of the '973 Patent.

126.    MGI Americas knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the associated reagent kits, constitute material parts of the inventions of the '973 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Americas knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '973 Patent. MGI Americas knows that the use of its products by other Defendants and third parties infringes the '973 Patent and supplies them anyway.

**Willful Infringement By MGI Americas**

127.    As set forth throughout this Complaint, MGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. MGI Americas' infringement of the '973 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, MGI Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '973 Patent since at least December 31, 2009, when the patent application was first published. Alternatively, MGI Americas was or should have been aware of the '973 Patent at least by October

5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

128. MGI Americas' infringement of the '973 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

129. MGI Americas' infringement of the '973 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**CGI's Infringement of the '973 Patent**

130. Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, CGI has copied that technology. On information and belief, CGI has had knowledge of the '973 Patent at least since December 31, 2009, when the patent application was first published. Alternatively, CGI was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By CGI**

131. CGI has and is directly infringing the '973 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United States, among other infringing acts. CGI has installed DNBSEQ systems at CGI locations in the United States, including its San Jose, California facility. CGI has used the DNBSEQ in the United States.

**Induced Infringement by CGI**

132.    CGI is liable for their induced infringement of the '973 Patent pursuant to 35 U.S.C. § 271(b). Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement of at least claim 13 of the '973 Patent through a range of activities related to DNBSEQ products, among other infringing acts. CGI is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

133.    CGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '973 Patent.

134.    CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '973 Patent.

135.    CGI has induced infringement by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by performing the patented methods of the '973 Patent.

136.    CGI has induced infringement by creating distribution channels for the aforementioned DNBSEQ products, materials and apparatuses for use with the DNBSEQ systems, and the associated reagent kits, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by performing the patented methods of the '973 Patent.

137.    CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. These

1   materials direct users, including other Defendants, to use DNBSEQ products in an infringing

2   manner. For example, the DNBSEQ reagent kit manuals state that the kits are for preparation of

3   DNA sequencing using DNBSEQ systems, which are sold with pre-programmed software protocols

4   that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes.

5   By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ

6   systems, CGI induces infringement.

7      138.   Further, CGI induces the infringement of other Defendants by participating in,

8   supporting, and encouraging their use of DNBSEQ products at the San Jose facility and elsewhere

9   in the United States.

10     139.   CGI acted with knowledge that the induced acts constitute infringement. CGI acted

11  with knowledge of or willful blindness with regards to users' underlying infringement.

12         **Contributory Infringement by CGI**

13     140.   CGI is liable for contributory infringement of the '973 Patent pursuant to 35 U.S.C.

14  § 271(c). Specifically, CGI has and is contributing to infringement of the '973 Patent by, without

15  authority, supplying within the United States, materials and apparatuses for practicing the claimed

16  invention of the '973 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation

17  Systems, and the associated reagent kits (with both standardMPS and CoolMPS™ chemistry).

18  These products constitute a material part of the claimed invention of the '973 Patent.

19     141.   CGI knows that DNBSEQ systems, materials and apparatuses designed for use with

20  DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the

21  '973 Patent and that they are not a staple article or commodity of commerce suitable for substantial

22  non-infringing use. As documented above, DNBSEQ systems are specialized sequencing

23  instruments that carry out a specific method for sequencing DNA using either standardMPS or

24  CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses

25  specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple

26  article of commerce suitable for substantial non-infringing use. CGI knows that DNBSEQ systems,

27  the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ

28

reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '973 Patent. CGI knows that the use of its products by other Defendants and third parties infringes the '973 Patent and it supplies them anyway.

**Willful Infringement By CGI**

142.    As set forth throughout this Complaint, CGI has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. CGI's infringement of the '973 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, CGI, with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '973 Patent since at least December 31, 2009, when the patent application was first published. Alternatively, CGI was or should have been aware of the '973 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, CGI continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, CGI has been willfully blind to its ongoing infringement.

143.    CGI's infringement of the '973 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

144.    CGI's infringement of the '973 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## COUNT II

## Infringement of U.S. Patent No. 7,541,444 ("'444 Patent")

145.    Illumina re-alleges and incorporates by this reference the allegations contained throughout this Complaint into each allegation of infringement and request for remedies.

146.    Defendants and users of Defendants' infringing products have and continue to directly infringe, literally or by equivalence, claim 3 of the '444 Patent by importing, selling, offering to sell, and using the DNBSEQ products and other infringing products. The following allegations identify the acts of direct, induced and contributory infringement by each named defendant as supplemented by the allegations throughout this Complaint.

### BGI Ltd.'s Infringement of the '444 Patent

147.    Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Ltd. has copied that technology. On information and belief, BGI Ltd. has had knowledge of the '444 Patent at least since July 19, 2007, when the patent application was first published. Alternatively, BGI Ltd. was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent.

148.    BGI Ltd. has failed to resist the temptation of importing its infringing technology into the large United States market and has done so in the face of the '444 Patent. BGI Ltd. knows that its activities in connection with the DNBSEQ products will infringe the '444 Patent.

### Direct Infringement By BGI Ltd.

149.    BGI Ltd. has directly infringed and continues to directly infringe the '444 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by importing the DNBSEQ products into the United States and using DNBSEQ products within the United States, among other infringing acts. Specifically, BGI Ltd. has used DNBSEQ products in the United States at its San Jose, California facility.

150.    Alternatively, BGI Ltd. directly infringes because it directs and controls other BGI entities with respect to their use of DNBSEQ products in the United States. Upon information and

1  belief, BGI Ltd. has directed, either directly or indirectly, its subsidiaries and affiliates, including

2  the other Defendants, to develop, install, and use the MGISEQ-2000 and BGISEQ-500 in its San

3  Jose, California facility. For example, BGI Ltd.'s own press release asserts that "the BGISEQ-500

4  NGS platform [was] developed by it's [sic] Complete Genomics Subsidiary in Silicon Valley,

5  California." Ex. 7 at 3. BGI Ltd.'s direction and control of this and the other infringing conduct of

6  its subsidiaries set forth herein can be reasonably inferred from BGI's public documents and

7  activity.

8      151.  For example, BGI Ltd.'s website represents that it has multiple locations in

9  California, including San Francisco, San Jose, Los Angeles, and San Diego. Ex. 50 (available at:

10  http://en.genomics.cn/en-global.html (last accessed: February 25, 2020). It touts that it has both

11  "representative offices" and "laboratories" in California, thus suggesting that it controls the

12  activities in those offices notwithstanding that they may be formally associated with another BGI

13  entity. In addition, CGI identified BGI Ltd. as a real-party-in-interest in CGI's IPR directed to the

14  '537 Patent, thus indicating that BGI ultimately directs and controls the BGI Group's activity that

15  infringes the '444 Patent.

16      152.  Further, BGI Ltd.'s executives travel to California to manage and promote the

17  infringing products. This includes BGI Ltd.'s presence at industry and trade shows, including

18  SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare

19  Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference

20  ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018); American Society of Human Genetics

21  2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan.

22  12-16, 2019). Exs. 51, 7-10. For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District

23  of California to promote the accused products at the J.P. Morgan Conference in January 2018. Ex.

24  7. Indeed, BGI Ltd.'s executives often travel to this District in order to manage and direct the

25  infringing activity.

26      **Induced Infringement by BGI Ltd.**

27

28

153.    BGI Ltd. is liable for the induced infringement of the '444 Patent pursuant to 35 U.S.C. § 271(b). Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing infringement of at least claim 3 of the '444 Patent through a range of activities related to the DNBSEQ systems. BGI Ltd. is responsible for substantial marketing of BGI products, including the DNBSEQ, and is threatening to encourage and support the sale of those products in the United States.

154.    BGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of the DNBSEQ systems with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ systems to infringe by using the patented nucleotides of the '444 Patent. For example, BGI has controlled, alone or in concert with the other Defendants, the design, manufacture, and supply of the DNBSEQ systems such that the DNBSEQ systems have pre-programmed software protocols that control operation of the DNBSEQ systems so that users, including other Defendants, are given the sole option of operating the DNBSEQ systems in a manner that infringes.

155.    BGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

156.    BGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of various reagent kits (with both standardMPS and CoolMPS™ chemistry), including for example the CoolMPS High-throughput Rapid Sequencing Set (DNBSEQ-G400RS FCL SE100) or DNBSEQ-G400RS High-throughput Rapid Sequencing Set (FCS SE100) which contains all reagents (including dNTPs that are needed to perform DNA sequencing on the DNBSEQ-G400RS), with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

157.   BGI Ltd. has induced infringement by disseminating promotional and marketing materials relating to the DNBSEQ systems with the knowledge and specific intent that users, including the other Defendants, will use these sequencing instruments to infringe by using the patented nucleotides of the '444 Patent. For example, BGI Ltd. CEO, Ye Yin, promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

158.   BGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products by others, including the other Defendants. For example, BGI Ltd. is responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users to use DNBSEQ products in an infringing manner.

159.   Further, BGI Ltd. induces the infringement of the other Defendants by directing, participating in, supporting, and encouraging their use of the DNBSEQ products at the San Jose facility and elsewhere in the United States.

160.   BGI Ltd. performed all these acts with knowledge that the induced acts constitute infringement. At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By BGI Ltd.**

161.   BGI Ltd. is liable for contributory infringement of the '444 Patent pursuant to 35 U.S.C. § 271(c). Specifically, BGI Ltd. has and is contributing to the infringement of the '444 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed invention of the '444 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed invention of the '444 Patent.

162.   BGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the '444 Patent and that they are not a staple article or commodity of commerce suitable for

substantial non-infringing use. As documented above, DNBSEQ systems are a specialized sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Ltd. knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '444 Patent. BGI Ltd. knows that the use of its products by the other Defendants and third parties infringes the '444 Patent and it supplies them anyway.

### Infringement Under 271(f) By BGI Ltd.

163.    On information and belief, BGI Ltd. has supplied in or from the United States the DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '444 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, BGI Ltd. has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '444 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

### Willful Infringement By BGI Ltd.

164.    As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Ltd.'s infringement of the '444 Patent has been and is deliberate and willful

and constitutes egregious misconduct. On information and belief, BGI Ltd., with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '444 Patent since at least July 19, 2007, when the patent application was first published. Alternatively, BGI Ltd. was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent. Despite this, BGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing infringement.

165.    BGI Ltd.'s infringement of the '444 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

166.    BGI Ltd.'s infringement of the '444 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

### BGI Americas' Infringement of the '444 Patent

167.    Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Americas has copied that technology. On information and belief, BGI Americas has had knowledge of the '444 Patent at least since July 19, 2007, when the patent application was first published. Alternatively, BGI Americas was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

### Direct Infringement By BGI Americas

168.    BGI Americas has and is directly infringing the '444 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United

States, among other infringing acts. Specifically, BGI Americas has used DNBSEQ products in the United States at its San Jose, California facility.

**Induced Infringement By BGI Americas**

169.    BGI Americas is liable for their induced infringement of the '444 Patent pursuant to 35 U.S.C. § 271(b). Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 3 of the '444 Patent through a range of activities related to DNBSEQ products, among other things.

170.    BGI Americas is inducing infringement by promoting the use of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent. BGI Americas is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

171.    BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent.

172.    BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. By providing reagent kits for use on DNBSEQ systems, BGI Americas induces infringement.

173.    Further, BGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the DNBSEQ products at the San Jose facility and elsewhere in the United States.

174.    BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by BGI Americas**

175.    BGI Americas is liable for contributory infringement of the '444 Patent pursuant to 35 U.S.C. § 271(c). Specifically, BGI Americas contributes to the infringement of the '444 Patent by, without authority, supplying within the United States materials and apparatuses for using the claimed invention of the '444 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed inventions of the '444 Patent.

176.    BGI Americas knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the '444 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. BGI Americas knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '444 Patent. BGI Americas knows that the use of its products by other Defendants and third parties infringes the '444 Patent and supplies them anyway.

**Infringement Under 271(f) By BGI Americas**

177.    On information and belief, BGI Americas has supplied in or from the United States DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '444 Patent, where such components are uncombined in whole or

1   in part, in such manner as to actively induce the combination of such components outside of the

2   United States in a manner that would infringe the patent if such combination occurred within the

3   United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, BGI

4   Americas has supplied in or from the United States components of DNBSEQ products, which

5   products are especially made or especially adapted for use in practicing the claims of the '444 Patent

6   and are not staple articles or commodities of commerce suitable for substantial noninfringing use,

7   knowing that such component is so made or adapted and intending that such component will be

8   combined outside of the United States in a manner that would infringe the patent if such combination

9   occurred within the United States, in violation of 35 USC § 271(f)(2).

10   **Willful Infringement By BGI Americas**

11   178.   As set forth throughout this Complaint, BGI Americas has acted willfully and

12   egregiously in performing the acts of infringement and threatening to perform the acts of

13   infringement identified in this Complaint. BGI Americas' infringement of the '444 Patent has been

14   and is deliberate and willful and constitutes egregious misconduct. On information and belief, BGI

15   Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of

16   related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware

17   of the '444 Patent since at least July 19, 2007, when the patent application was first published.

18   Alternatively, BGI Americas was or should have been aware of the '444 Patent at least by October

19   5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019,

20   when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite

21   this, BGI Americas continues to perform the acts of infringement and threatens to perform the acts

22   of infringement identified in this Complaint. In performing the acts of infringement and

23   threatening to perform the acts of infringement identified in this Complaint, BGI Americas. has

24   been willfully blind to its ongoing infringement.

25   179.   BGI Americas' infringement of the '444 Patent has injured Illumina in its business

26   and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant

27

28

1    to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

2    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

3         180.    BGI Americas' infringement of the '444 Patent has caused irreparable harm to

4    Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

5    by this Court.

6         **MGI Ltd.'s Infringement of the '444 Patent**

7         181.    Illumina's patented sequencing technology is well-known and has been enforced

8    very publicly against infringers. Together with the other Defendants, MGI Ltd. has copied that

9    technology. On information and belief, MGI Ltd. has had knowledge of the '444 Patent since at

10   least July 19, 2007, when the patent application was first published. Alternatively, MGI Ltd. was or

11   should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR

12   against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with

13   the complaint alleging infringement of the '537 Patent.

14        **Direct Infringement By MGI Ltd.**

15        182.    MGI Ltd. directly infringes the '444 Patent pursuant to 35 U.S.C. § 271(a), literally

16   or under the doctrine of equivalents, because it is responsible for the use of DNBSEQ products in

17   the United States. Specifically, because MGI Ltd. claims to be the "leading manufacturer and

18   developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used DNBSEQ products in

19   the United States. MGI Ltd.'s website states that its Silicon Valley, California facility has a "State-

20   of-the-art technology research and development base."

21        **Induced Infringement By MGI Ltd.**

22        183.    MGI Ltd. is liable for the induced infringement of the '444 Patent pursuant to 35

23   U.S.C. § 271(b). Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing

24   infringement of at least claims 3 of the '444 Patent through a range of activities related to the

25   DNBSEQ products, among other infringing acts. MGI Ltd. is responsible for substantia marketing

26   of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale

27   of those products in the United States.

28

184.   On information and belief, MGI Ltd. has induced infringement and will continue to do so by offering to sell and selling its infringing CoolMPS™ sequencers and reagent kits, as it announced recently. Ex. 39.

185.   MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent. For example, MGI Ltd. is the "legal manufacturer" of DNBSEQ products. MGI Ltd. controls the website on which DNBSEQ products are marketed and sold. MGI Ltd. controls the website that hosts *inter alia* the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Ltd. induces infringement.

186.   MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

187.   MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the claimed inventions. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

188.   MGI Ltd. has induced infringement by users of its products, including the other Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users will use DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent. MGI Ltd. controls the website that hosts promotional and marketing materials.

189.   MGI Ltd. has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. For example, MGI Ltd. is responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets, all of which are available on the MGI Ltd.'s website. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit handbooks state that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold with pre-programmed software protocols that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes. By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Ltd. induces infringement.

190.   Further, MGI Ltd. induces the infringement of other Defendants by participating in, supporting, and encouraging their use of DNBSEQ products at the San Jose facility and elsewhere in the United States.

191.   MGI Ltd. acted with knowledge that the induced acts constitute infringement. MGI Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement By MGI Ltd.**

192.   MGI Ltd. is liable for contributory infringement of the '444 Patent pursuant to 35 U.S.C. § 271(c). Specifically, MGI Ltd. contributes to the infringement of the '444 Patent by, without authority, supplying within the United States, materials and apparatuses for using the claimed invention of the '444 Patent, including at least DNBSEQ systems, the DNBSEQ Sample

1  Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™

2  chemistry). These products constitute a material part of the claimed invention of the '444 Patent.

3      193.   MGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use

4  with DNBSEQ systems, and the associated reagent kits, constitute material parts of the inventions

5  of the '444 Patent and that they are not a staple article or commodity of commerce suitable for

6  substantial non-infringing use. As documented above, DNBSEQ systems are specialized

7  sequencing instruments that carry out a specific method for sequencing DNA using either

8  standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or

9  apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are

10  a staple article of commerce suitable for substantial non-infringing use. MGI Ltd. knows that

11  DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ

12  systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable

13  for substantial non-infringing use because these products have no use apart from infringing the '444

14  Patent. MGI Ltd. knows that the use of its products by other Defendants and third parties infringes

15  the '444 Patent and supplies them anyway.

16      **Infringement Under 271(f) By MGI Ltd.**

17      194.   On information and belief, MGI Ltd. has supplied in or from the United States

18  DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the

19  components of the claims of the '444 Patent, where such components are uncombined in whole or

20  in part, in such manner as to actively induce the combination of such components outside of the

21  United States in a manner that would infringe the patent if such combination occurred within the

22  United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, MGI

23  Ltd. has supplied in or from the United States components of DNBSEQ products, which products

24  are especially made or especially adapted for use in practicing the claims of the '444 Patent and are

25  not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing

26  that such component is so made or adapted and intending that such component will be combined

27

28

1    outside of the United States in a manner that would infringe the patent if such combination occurred

2    within the United States, in violation of 35 USC § 271(f)(2).

3        **Willful Infringement By MGI Ltd.**

4        195.    As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously

5    in performing the acts of infringement and threatening to perform the acts of infringement identified

6    in this Complaint. MGI Ltd.'s infringement of the '444 Patent has been and is deliberate and willful

7    and constitutes egregious misconduct. On information and belief, MGI Ltd., with the other

8    Defendants, monitors Illumina's patents, including the enforcement of related patents against

9    Defendants and others, in both the U.S. and abroad, and is or should be aware of the '444 Patent

10   since at least July 19, 2007, when the patent application was first published. Alternatively, MGI

11   Ltd. was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed

12   an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served

13   them with the complaint alleging infringement of the '537 Patent. Despite this, MGI Ltd. continues

14   to perform the acts of infringement and threatens to perform the acts of infringement identified in

15   this Complaint. In performing the acts of infringement and threatening to perform the acts of

16   infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing

17   infringement.

18       196.    MGI Ltd's infringement of the '444 Patent has injured Illumina in its business and

19   property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to

20   35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

21   reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

22       197.    MGI Ltd.'s infringement of the '444 Patent has caused irreparable harm to Illumina

23   and will continue to cause such harm unless and until their infringing activities are enjoined by this

24   Court.

25       **MGI Americas' Infringement of the '444 Patent**

26       198.    Illumina's patented sequencing technology is well-known and has been enforced

27   very publicly against infringers. Together with the other Defendants, MGI Americas has copied that

28

technology. On information and belief, MGI Americas has had knowledge of the '444 Patent since at least July 19, 2007, when the patent application was first published. Alternatively, MGI Americas was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By MGI Americas**

199.    MGI Americas has and is directly infringing the '444 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United States. Specifically, because MGI Americas claims to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Americas has used DNBSEQ products in the United States. MGI Americas' Silicon Valley, California facility has a "State-of-the-art technology research and development base."

**Induced Infringement By MGI Americas**

200.    MGI Americas is liable for their induced infringement of the '444 Patent pursuant to 35 U.S.C. § 271(b). Specifically, MGI Americas has and is actively, knowingly, and intentionally inducing of at least claims 3 of the '444 Patent through a range of activities related to DNBSEQ products, among other infringing acts. MGI Americas is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

201.    On information and belief, MGI Americas has induced infringement and will continue to do so by offering to sell and selling its infringing sequencing instruments and CoolMPS™ reagents, as it recently provided notice it would do. Ex. 40. On information and belief, MGI Americas will induce infringement when it begins to make infringing sequencing instruments and standardMPS reagents available to key opinion leaders on a no cost trial basis in the United States.

202.    MGI Americas has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture and supply of DNBSEQ products with the knowledge

and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent. MGI Americas distributes, *inter alia*, the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ systems, MGI Americas induces infringement.

203.    MGI Americas has induced infringement by distributing materials or apparatuses to be used with the DNBSEQ Systems, including for example the MGISP-960, with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

204.    MGI Americas has induced infringement by distributing DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry) with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

205.    MGI Americas has induced infringement by users of its products, including other Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users will use DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent.

206.    MGI Americas has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. For example, MGI Americas is responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing

1    manner. For example, the DNBSEQ reagent kit handbooks state that the kits are for preparation of

2    DNA sequencing using DNBSEQ systems, which are sold with pre-programmed software protocols

3    that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes.

4    By providing reagent kits and directing users, including other Defendants, to purchase these reagent

5    kits for use on DNBSEQ systems, MGI Americas induces infringement.

6         207.   Further, MGI Americas induces the infringement of other Defendants by

7    participating in, supporting, and encouraging their use of DNBSEQ products at the San Jose facility

8    and elsewhere in the United States.

9         208.   MGI Americas acted with knowledge that the induced acts constitute infringement.

10   MGI Americas acted with knowledge of or willful blindness with regards to users' underlying

11   infringement.

12        **Contributory Infringement By MGI Americas**

13        209.   MGI Americas is liable for contributory infringement of the '444 Patent pursuant to

14   35 U.S.C. § 271(c). Specifically, MGI Americas has and is contributing to the infringement of the

15   '444 Patent by, without authority, distributing within the United States, materials and apparatuses

16   for using the claimed invention of the '444 Patent, including at least DNBSEQ systems, the

17   DNBSEQ Sample Preparation Systems, and the associated reagent kits (with both standardMPS and

18   CoolMPS™ chemistry). These products constitute a material part of the claimed invention of the

19   '444 Patent.

20        210.   MGI Americas knows that DNBSEQ systems, materials and apparatuses designed

21   for use with DNBSEQ systems, and the associated reagent kits, constitute material parts of the

22   inventions of the '444 Patent and that they are not a staple article or commodity of commerce

23   suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized

24   sequencing instruments that carry out a specific method for sequencing DNA using either

25   standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or

26   apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are

27   a staple article of commerce suitable for substantial non-infringing use. MGI Americas knows that

28

1    DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ

2    systems, and the DNBSEQ reagents kits are not staple articles or commodities of commerce suitable

3    for substantial non-infringing use because these products have no use apart from infringing the '444

4    Patent. MGI Americas knows that the use of its products by other Defendants and third parties

5    infringes the '444 Patent and supplies them anyway.

6            **Infringement Under 271(f) By MGI Americas**

7            211.   On information and belief, MGI Americas has supplied in or from the United States

8    DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the

9    components of the claims of the '444 Patent, where such components are uncombined in whole or

10   in part, in such manner as to actively induce the combination of such components outside of the

11   United States in a manner that would infringe the patent if such combination occurred within the

12   United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, MGI

13   Americas has supplied in or from the United States components of DNBSEQ products, which

14   products are especially made or especially adapted for use in practicing the claims of the '444 Patent

15   and are not staple articles or commodities of commerce suitable for substantial noninfringing use,

16   knowing that such component is so made or adapted and intending that such component will be

17   combined outside of the United States in a manner that would infringe the patent if such combination

18   occurred within the United States, in violation of 35 USC § 271(f)(2).

19           **Willful Infringement By MGI Americas**

20           212.   As set forth throughout this Complaint, MGI Americas has acted willfully and

21   egregiously in performing the acts of infringement and threatening to perform the acts of

22   infringement identified in this Complaint. MGI Americas' infringement of the '444 Patent has been

23   and is deliberate and willful and constitutes egregious misconduct. On information and belief, MGI

24   Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of

25   related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware

26   of the '444 Patent since at least July 19, 2007, when the patent application first published.

27   Alternatively, MGI Americas was or should have been aware of the '444 Patent at least by October

28

5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, MGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully blind to its ongoing infringement.

213.    MGI Americas' infringement of the '444 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

214.    MGI Americas' infringement of the '444 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**CGI's Infringement of the '444 Patent**

215.    Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, CGI has copied that technology. On information and belief, CGI has had knowledge of the '444 Patent since at least July 19, 2007, when the patent application first published. Alternatively, CGI was or should have been aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By CGI**

216.    CGI has and is directly infringing the '444 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products within the United States, among other infringing acts. CGI has installed DNBSEQ systems at CGI locations in the United States, including its San Jose, California facility. CGI has used the DNBSEQ in the United States.

**Induced Infringement by CGI**

217.   CGI is liable for their induced infringement of the '444 Patent pursuant to 35 U.S.C. § 271(b). Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement of at least claim 3 of the '444 Patent through a range of activities related to DNBSEQ products, among other infringing acts. CGI is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

218.   CGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

219.   CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (with both standardMPS and CoolMPS™ chemistry), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

220.   CGI has induced infringement by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by using the patented nucleotides of the '444 Patent.

221.   CGI has induced infringement by creating distribution channels for the aforementioned DNBSEQ products, materials and apparatuses for use with the DNBSEQ systems, and the associated reagent kits, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '444 Patent.

222.   CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. These

materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold with preprogrammed software protocols that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes. By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ systems, CGI induces infringement.

223.    Further, CGI induces the infringement of other Defendants by participating in, supporting, and encouraging their use of DNBSEQ products at the San Jose facility and elsewhere in the United States.

224.    CGI acted with knowledge that the induced acts constitute infringement. CGI acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by CGI**

225.    CGI is liable for contributory infringement of the '444 Patent pursuant to 35 U.S.C. § 271(c). Specifically, CGI has and is contributing to infringement of the '444 Patent by, without authority, supplying within the United States, materials and apparatuses for using the claimed invention of the '444 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (with both standardMPS and CoolMPS™ chemistry). These products constitute a material part of the claimed invention of the '444 Patent.

226.    CGI knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits, constitute material parts of the inventions of the '444 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using either standardMPS or CoolMPS™ chemistry. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. CGI knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ

1   reagents kits are not staple articles or commodities of commerce suitable for substantial non-

2   infringing use because these products have no use apart from infringing the '444 Patent. CGI knows

3   that the use of its products by other Defendants and third parties infringes the '444 Patent and

4   supplies them anyway.

5   **Infringement Under 271(f) By CGI**

6   227.   On information and belief, CGI has supplied in or from the United States DNBSEQ

7   products and/or components thereof, which comprise all or a substantial portion of the components

8   of the claims of the '444 Patent, where such components are uncombined in whole or in part, in

9   such manner as to actively induce the combination of such components outside of the United States

10   in a manner that would infringe the patent if such combination occurred within the United States,

11   in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, CGI has supplied in or

12   from the United States components of DNBSEQ products, which products are especially made or

13   especially adapted for use in practicing the claims of the '444 Patent and are not staple articles or

14   commodities of commerce suitable for substantial noninfringing use, knowing that such component

15   is so made or adapted and intending that such component will be combined outside of the United

16   States in a manner that would infringe the patent if such combination occurred within the United

17   States, in violation of 35 USC § 271(f)(2).

18   **Willful Infringement By CGI**

19   228.   As set forth throughout this Complaint, CGI has acted willfully and egregiously in

20   performing the acts of infringement and threatening to perform the acts of infringement identified

21   in this Complaint. CGI's infringement of the '444 Patent has been and is deliberate and willful and

22   constitutes egregious misconduct. On information and belief, CGI, with the other Defendants,

23   monitors Illumina's patents, including the enforcement of related patents against Defendants and

24   others, in both the U.S. and abroad, and is or should be aware of the '444 Patent since at least July

25   19, 2007, when the patent application first published. Alternatively, CGI was or should have been

26   aware of the '444 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537

27   Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging

28

infringement of the '537 Patent. Despite this, CGI continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, CGI has been willfully blind to its ongoing infringement.

229.   CGI's infringement of the '444 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

230.   CGI's infringement of the '444 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## COUNT III

### Infringement of U.S. Patent No. 10,480,025 ("'025 Patent")

231.   Illumina re-alleges and incorporates by this reference the allegations contained throughout this Complaint into each allegation of infringement and request for remedies.

232.   Defendants and users of Defendants' infringing products have and continue to directly infringe, literally or by equivalence, claim 1 of the '025 Patent by practicing one or more claims of the '025 Patent by using the DNBSEQ products and other infringing products. The following allegations identify the acts of direct, induced and contributory infringement by each named defendant as supplemented by the allegations throughout this Complaint.

**BGI Ltd.'s Infringement of the '025 Patent**

233.   Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Ltd. has copied that technology. On information and belief, BGI Ltd. has had knowledge of the '025 Patent at least since January 5, 2017, when the patent application was first published. Alternatively, BGI Ltd. was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent.

234.    BGI Ltd. has failed to resist the temptation of importing its infringing technology into the large United States market and has done so in the face of the '025 Patent. BGI Ltd. knows that its activities in connection with the DNBSEQ products will infringe the '025 Patent.

**Direct Infringement By BGI Ltd.**

235.    BGI Ltd. has directly infringed and continues to directly infringe the '025 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by importing DNBSEQ products into the United States and using DNBSEQ products with standardMPS chemistry within the United States, among other infringing acts. Specifically, BGI Ltd. has used DNBSEQ products in the United States at its San Jose, California facility.

236.    Alternatively, BGI Ltd. directly infringes because it directs and controls other BGI entities with respect to their use of DNBSEQ products with standardMPS chemistry in the United States. Upon information and belief, BGI Ltd. has directed, either directly or indirectly, its subsidiaries and affiliates, including the other Defendants, to develop, install, and use the MGISEQ-2000 and BGISEQ-500 in its San Jose, California facility. For example, BGI Ltd.'s own press release asserts that "the BGISEQ-500 NGS platform [was] developed by it's [sic] Complete Genomics Subsidiary in Silicon Valley, California." Ex. 7 at 3. BGI Ltd.'s direction and control of this and the other infringing conduct of its subsidiaries set forth herein can be reasonably inferred from BGI's public documents and activity.

237.    For example, BGI Ltd.'s website represents that it has multiple locations in California, including San Francisco, San Jose, Los Angeles, and San Diego. Ex. 50 (available at: http://en.genomics.cn/en-global.html (last accessed: February 25, 2020). It touts that it has both "representative offices" and "laboratories" in California, thus suggesting that it controls the activities in those offices notwithstanding that they may be formally associated with another BGI entity. In addition, CGI identified BGI Ltd. as a real-party-in-interest in CGI's IPR directed to the '537 Patent, thus indicating that BGI ultimately directs and controls the BGI Group's activity that infringes the '025 Patent.

238.    Further, BGI Ltd.'s executives travel to California to manage and promote the infringing products. This includes BGI Ltd.'s presence at industry and trade shows, including SynBioBeta SF 2017 in San Francisco, California (Oct. 3-5, 2017); J.P. Morgan Healthcare Conference in San Francisco, California (Jan. 8-11, 2018); Plant & Animal Genome Conference ("PAG") XXVI in San Diego, California (Jan. 13-17, 2018); American Society of Human Genetics 2018 in San Diego, California (Oct. 16-20, 2018); and PAG XXVII in San Diego, California (Jan. 12-16, 2019). Exs. 51, 7-10. For example, BGI Ltd.'s CEO, Ye Yin, traveled to the Northern District of California to promote the accused products at the J.P. Morgan Conference in January 2018. Ex. 7. Indeed, BGI Ltd.'s executives often travel to this District in order to manage and direct the infringing activity.

### Induced Infringement by BGI Ltd.

239.    BGI Ltd. is liable for the induced infringement of the '025 Patent pursuant to 35 U.S.C. § 271(b). Specifically, BGI Ltd. has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '025 Patent through a range of activities related to the DNBSEQ systems with standardMPS chemistry. BGI Ltd. is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

240.    BGI Ltd. has induced infringement by controlling, alone or in concert with other Defendants, the design, manufacture, and supply of DNBSEQ systems with standardMPS chemistry with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ systems to infringe by using the patented nucleotides of the '025 Patent. For example, BGI has controlled, alone or in concert with the other Defendants, the design, manufacture, and supply of DNBSEQ systems such that the DNBSEQ systems have pre-programmed software protocols that control operation of the DNBSEQ systems so that users, including other Defendants, are given the sole option of operating the DNBSEQ systems in a manner that infringes.

241.    BGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the

1   DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent

2   that users, including other Defendants, will use these products to infringe by using the patented

3   nucleotides of the '025 Patent.

4          242.   BGI Ltd. has induced infringement by controlling, alone or in concert with other

5   Defendants, the design, manufacture, and supply of various reagent kits (which use specialized

6   labeled nucleotides), including for example the DNBSEQ-G400RS High-throughput Rapid

7   Sequencing Set (FCS SE100) which contains all reagents (including dNTPs that are needed to

8   perform DNA sequencing on the DNBSEQ-G400RS), with the knowledge and specific intent that

9   users, including the other Defendants, will use these products to infringe by using the patented

10   nucleotides of the '025 Patent.

11          243.   BGI Ltd. has induced infringement by disseminating promotional and marketing

12   materials relating to the DNBSEQ systems with standardMPS chemistry with the knowledge and

13   specific intent that users, including other Defendants, will use these sequencing instruments to

14   infringe by using the patented nucleotides of the '025 Patent. For example, BGI Ltd. CEO, Ye Yin,

15   promoted the BGISEQ-500 at the J.P. Morgan Conference in 2018.

16          244.   BGI Ltd. has induced infringement by distributing other instructional materials,

17   product manuals, technical materials, and bioinformatics software platforms with the knowledge

18   and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products with

19   standardMPS chemistry by others, including the other Defendants. For example, BGI Ltd. is

20   responsible for the DNBSEQ User Manuals, the various reagent kit manuals, technical handbooks,

21   product detail sheets, and technical specification sheets. These materials direct users to use

22   DNBSEQ products in an infringing manner.

23          245.   Further, BGI Ltd. induces the infringement of the other Defendants by directing,

24   participating in, supporting, and encouraging their use of the DNBSEQ products with standardMPS

25   chemistry at the San Jose facility and elsewhere in the United States.

26

27

28

1    246.    BGI Ltd. performed all these acts with knowledge that the induced acts constitute

2    infringement. At a minimum, BGI Ltd. acted with knowledge of or willful blindness with regards

3    to users' underlying infringement.

4        **Contributory Infringement By BGI Ltd.**

5    247.    BGI Ltd. is liable for contributory infringement of the '025 Patent pursuant to 35

6    U.S.C. § 271(c). Specifically, BGI Ltd. has and is contributing to the infringement of the '025 Patent

7    by, without authority, supplying within the United States, materials and apparatuses for practicing

8    the claimed invention of the '025 Patent, including at least DNBSEQ systems, the DNBSEQ Sample

9    Preparation Systems, and the DNBSEQ reagent kits (which use specialized labeled nucleotides).

10   These products constitute a material part of the claimed invention of the '025 Patent.

11   248.    BGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use

12   with DNBSEQ systems, and the DNBSEQ reagent kits with standardMPS chemistry, constitute

13   material parts of the inventions of the '025 Patent and that they are not a staple article or commodity

14   of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems

15   are specialized sequencing instruments that carries out a specific method for sequencing DNA using

16   specific labeled nucleotides. As such, neither DNBSEQ systems, the materials or apparatuses

17   specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple

18   article of commerce suitable for substantial non-infringing use. BGI Ltd. knows that DNBSEQ

19   systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the

20   DNBSEQ reagents kits with standardMPS chemistry are not staple articles or commodities of

21   commerce suitable for substantial non-infringing use because these products have no use apart from

22   infringing the '025 Patent. BGI Ltd. knows that the use of its products by other Defendants and

23   third parties infringes the '025 Patent and it supplies them anyway.

24       **Infringement Under 271(f) By BGI Ltd.**

25   249.    On information and belief, BGI Ltd. has supplied in or from the United States the

26   DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the

27   components of the claims of the '025 Patent, where such components are uncombined in whole or

28

in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, BGI Ltd. has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

**Willful Infringement By BGI Ltd.**

250.    As set forth throughout this Complaint, BGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Ltd.'s infringement of the '025 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, BGI Ltd., with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '025 Patent since at least January 5, 2017, when the patent application first published. Alternatively, BGI Ltd. was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent. Despite this, BGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Ltd. has been willfully blind to its ongoing infringement.

251.    BGI Ltd.'s infringement of the '025 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

252.   BGI Ltd.'s infringement of the '025 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**BGI Americas' Infringement of the '025 Patent**

253.   Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, BGI Americas has copied that technology. On information and belief, BGI Americas has had knowledge of the '025 Patent at least since January 5, 2017, when the patent application was first published. Alternatively, BGI Americas was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By BGI Americas**

254.   BGI Americas has and is directly infringing the '025 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ products with standardMPS chemistry within the United States, among other infringing acts. Specifically, BGI Americas has used DNBSEQ products with standardMPS chemistry in the United States at its San Jose, California facility.

**Induced Infringement By BGI Americas**

255.   BGI Americas is liable for their induced infringement of the '025 Patent pursuant to 35 U.S.C. § 271(b). Specifically, BGI Americas has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '025 Patent through a range of activities related to the DNBSEQ systems with standardMPS chemistry, among other things.

256.   BGI Americas is inducing infringement by promoting the use of DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use the DNBSEQ products to infringe by using the patented nucleotides of the '025 Patent. BGI Americas is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

257.   BGI Americas is inducing infringement by disseminating promotional and marketing materials relating to DNBSEQ products with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by using the patented nucleotides of the '025 Patent.

258.   BGI Americas is inducing infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. By providing reagent kits for use on DNBSEQ systems, BGI Americas induces infringement.

259.   Further, BGI Americas induces the infringement of other Defendants by participating in, supporting, and encouraging their use of DNBSEQ products with standardMPS chemistry at the San Jose facility and elsewhere in the United States.

260.   BGI Americas acted with knowledge that the induced acts constitute infringement. BGI Americas acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by BGI Americas**

261.   BGI Americas is liable for contributory infringement of the '025 Patent pursuant to 35 U.S.C. § 271(c). Specifically, BGI Americas contributes to the infringement of the '025 Patent by, without authority, supplying within the United States materials and apparatuses for practicing the claimed invention of the '025 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (which use specialized labeled nucleotides). These products constitute a material part of the claimed inventions of the '025 Patent.

262.   BGI Americas knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits with standardMPS chemistry, constitute material parts of the inventions of the '025 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems

are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits with standardMPS chemistry are a staple article of commerce suitable for substantial non-infringing use. BGI Americas knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits with standardMPS chemistry are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '025 Patent. BGI Americas knows that the use of its products by other Defendants and third parties infringes the '025 Patent and supplies them anyway.

### Infringement Under 271(f) By BGI Americas

263.    On information and belief, BGI Americas has supplied in or from the United States DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '025 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, BGI Americas has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

### Willful Infringement By BGI Americas

264.    As set forth throughout this Complaint, BGI Americas has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. BGI Americas' infringement of the '025 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, BGI

Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '025 Patent since at least January 5, 2017, when the patent application first published. Alternatively, BGI Americas was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, BGI Americas continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, BGI Americas has been willfully blind to its ongoing infringement.

265.   BGI Americas' infringement of the '025 Patent has injured Illumina in its business and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

266.   BGI Americas' infringement of the '025 Patent has caused irreparable harm to Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

**MGI Ltd.'s Infringement of the '025 Patent**

267.   Illumina's patented sequencing technology is well-known and has been enforced very publicly against infringers. Together with the other Defendants, MGI Ltd. has copied that technology. On information and belief, MGI Ltd. has had knowledge of the '025 Patent at least since January 5, 2017, when the patent application was first published. Alternatively, MGI Ltd. was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By MGI Ltd.**

268.    MGI Ltd. directly infringes the '025 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, because it is responsible for the use of DNBSEQ products with standardMPS chemistry in the United States. Specifically, because MGI Ltd. claims to be the "leading manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Ltd. has used DNBSEQ products in the United States. MGI Ltd.'s website states that its Silicon Valley, California facility has a "State-of-the-art technology research and development base."

**Induced Infringement By MGI Ltd.**

269.    MGI Ltd. is liable for the induced infringement of the '025 Patent pursuant to 35 U.S.C. § 271(b). Specifically, MGI Ltd. is actively, knowingly, and intentionally inducing infringement of at least claims 1 of the '025 Patent through a range of activities related to the DNBSEQ products with standardMPS chemistry, among other infringing acts. MGI Ltd. is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

270.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of the DNBSEQ systems with standardMPS chemistry with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ products to infringe by using the patented nucleotides of the '025 Patent. For example, MGI Ltd. is the "legal manufacturer" of DNBSEQ products. MGI Ltd. controls the website on which DNBSEQ products are marketed and sold. MGI Ltd. controls the website that hosts *inter alia* the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users, including other Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Ltd. induces infringement.

271.    MGI Ltd. has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent

1   that users, including other Defendants, will use these products to infringe by using the patented

2   nucleotides of the '025 Patent.

3       272.   MGI Ltd. has induced infringement by controlling, alone or in concert with the other

4   Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (which use

5   specialized labeled nucleotides), with the knowledge and specific intent that users, including other

6   Defendants, will use these products to infringe by performing the patented methods of the claimed

7   inventions. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job

8   entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in

9   San Jose, as well as external customers throughout North and South America." Ex. 28.

10      273.   MGI Ltd. has induced infringement by users of its products, including other

11  Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products

12  with the knowledge and specific intent that users will use DNBSEQ products to infringe by using

13  the patented nucleotides of the '025 Patent. MGI Ltd. controls the website that hosts promotional

14  and marketing materials.

15      274.   MGI Ltd. has induced infringement by distributing other instructional materials,

16  product manuals, technical materials, and bioinformatics software platforms with the knowledge

17  and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products with

18  standardMPS chemistry. For example, MGI Ltd. is responsible for the DNBSEQ User Manuals, the

19  various reagent kit manuals, technical handbooks, product detail sheets, and technical specification

20  sheets, all of which are available on the MGI Ltd.'s website. These materials direct users, including

21  other Defendants, to use DNBSEQ products in an infringing manner. For example, the DNBSEQ

22  reagent kit handbooks state that the kits are for preparation of DNA sequencing using DNBSEQ

23  systems, which are sold with pre-programmed software protocols that control operation of

24  DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes. By providing reagent

25  kits and directing users including other Defendants, to purchase these reagent kits for use on

26  DNBSEQ systems, MGI Ltd. induces infringement.

27

28

1    275.    Further, MGI Ltd. induces the infringement of other Defendants by participating in,

2    supporting, and encouraging their use of the DNBSEQ products with standardMPS chemistry at the

3    San Jose facility and elsewhere in the United States.

4    276.    MGI Ltd. acted with knowledge that the induced acts constitute infringement. MGI

5    Ltd. acted with knowledge of or willful blindness with regards to users' underlying infringement.

6    **Contributory Infringement By MGI Ltd.**

7    277.    MGI Ltd. is liable for contributory infringement of the '025 Patent pursuant to 35

8    U.S.C. § 271(c). Specifically, MGI Ltd. contributes to the infringement of the '025 Patent by,

9    without authority, supplying within the United States, materials and apparatuses for practicing the

10   claimed invention of the '025 Patent, including at least DNBSEQ systems, the DNBSEQ Sample

11   Preparation Systems, and the associated reagent kits (which use specialized labeled nucleotides).

12   These products constitute a material part of the claimed invention of the '025 Patent.

13   278.    MGI Ltd. knows that DNBSEQ systems, materials and apparatuses designed for use

14   with DNBSEQ systems, and the associated reagent kits with standardMPS chemistry, constitute

15   material parts of the inventions of the '025 Patent and that they are not a staple article or commodity

16   of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems

17   are specialized sequencing instruments that carry out a specific method for sequencing DNA using

18   specific labeled nucleotides. As such, neither DNBSEQ systems, the materials or apparatuses

19   specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits with

20   standardMPS chemistry are a staple article of commerce suitable for substantial non-infringing use.

21   MGI Ltd. knows that DNBSEQ systems, the materials or apparatuses specifically designed for use

22   with DNBSEQ systems, and the DNBSEQ reagents kits are not staple articles or commodities of

23   commerce suitable for substantial non-infringing use because these products have no use apart from

24   infringing the '025 Patent. MGI Ltd. knows that the use of its products by other Defendants and

25   third parties infringes the '025 Patent and it supplies them anyway.

26   **Infringement Under 271(f) By MGI Ltd.**

27

28

279.   On information and belief, MGI Ltd. has supplied in or from the United States DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '025 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, MGI Ltd. has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

**Willful Infringement By MGI Ltd.**

280.   As set forth throughout this Complaint, MGI Ltd. has acted willfully and egregiously in performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint. MGI Ltd.'s infringement of the '025 Patent has been and is deliberate and willful and constitutes egregious misconduct. On information and belief, MGI Ltd., with the other Defendants, monitors Illumina's patents, including the enforcement of related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware of the '025 Patent since at least January 5, 2017, when the patent application first published. Alternatively, MGI Ltd. was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite this, MGI Ltd. continues to perform the acts of infringement and threatens to perform the acts of infringement identified in this Complaint. In performing the acts of infringement and threatening to perform the acts of infringement identified in this Complaint, MGI Ltd. has been willfully blind to its ongoing infringement.

1    281.   MGI Ltd's infringement of the '025 Patent has injured Illumina in its business and

2    property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to

3    35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

4    reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

5    282.   MGI Ltd.'s infringement of the '025 Patent has caused irreparable harm to Illumina

6    and will continue to cause such harm unless and until their infringing activities are enjoined by this

7    Court.

8    **MGI Americas' Infringement of the '025 Patent**

9    283.   Illumina's patented sequencing technology is well-known and has been enforced

10   very publicly against infringers. Together with the other Defendants, MGI Americas has copied that

11   technology. On information and belief, MGI Americas has had knowledge of the '025 Patent at

12   least since January 5, 2017, when the patent application was first published. Alternatively, MGI

13   Americas was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI

14   filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina

15   served them with the complaint alleging infringement of the '537 Patent.

16   **Direct Infringement By MGI Americas**

17   284.   MGI Americas has and is directly infringing the '025 Patent pursuant to 35 U.S.C. §

18   271(a), literally or under the doctrine of equivalents, by using DNBSEQ products with standardMPS

19   chemistry within the United States. Specifically, because MGI Americas claims to be the "leading

20   manufacturer and developer of BGI's proprietary NGS instrumentation," MGI Americas has used

21   DNBSEQ products in the United States. MGI Americas' Silicon Valley, California facility has a

22   "State-of-the-art technology research and development base."

23   **Induced Infringement By MGI Americas**

24   285.   MGI Americas is liable for their induced infringement of the '025 Patent pursuant to

25   35 U.S.C. § 271(b). Specifically, MGI Americas has and is actively, knowingly, and intentionally

26   inducing of at least claims 1 of the '025 Patent through a range of activities related to the DNBSEQ

27   products with standardMPS chemistry, among other infringing acts. MGI Americas is responsible

28

for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

286.   On information and belief, MGI Americas will induce infringement when it begins to make infringing sequencing instruments and standardMPS reagents available to key opinion leaders on a no cost trial basis in the United States.

287.   MGI Americas has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture and supply of the DNBSEQ systems with standardMPS chemistry with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ systems to infringe by using the patented nucleotides of the '025 Patent. MGI Americas distributes, *inter alia*, the DNBSEQ User Manual(s), the various reagent kit manuals, technical handbooks, product detail sheets, and technical specification sheets. These materials direct users, including other Defendants, to use DNBSEQ systems and DNBSEQ reagent kits in an infringing manner. By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ systems, BGI Americas induces infringement.

288.   MGI Americas has induced infringement by distributing materials or apparatuses to be used with DNBSEQ systems, including for example the MGISP-960, with the knowledge and specific intent that users, including the other Defendants, will use these products to infringe by using the patented nucleotides of the '025 Patent.

289.   MGI Americas has induced infringement by distributing DNBSEQ reagent kits (which use specialized labeled nucleotides) with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '025 Patent. For example, Ms. Abigail Frank, Field Service Engineer at MGI represents that her job entails "servic[ing] NGS instruments and lab automated work stations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Ex. 28.

290.   MGI Americas has induced infringement by users of its products, including other Defendants, by disseminating promotional and marketing materials relating to DNBSEQ products

1  with the knowledge and specific intent that users will use DNBSEQ products to infringe by using

2  the patented nucleotides of the '025 Patent.

3    291.   MGI Americas has induced infringement by distributing other instructional

4  materials, product manuals, technical materials, and bioinformatics software platforms with the

5  knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ

6  products with standardMPS chemistry. For example, MGI Americas is responsible for the DNBSEQ

7  User Manuals, the various reagent kit manuals, technical handbooks, product detail sheets, and

8  technical specification sheets. These materials direct users, including other Defendants, to use

9  DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit handbooks state

10  that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold with

11  pre-programmed software protocols that control operation of DNBSEQ sequencers so that each use

12  of the DNBSEQ sequencer infringes. By providing reagent kits and directing users, including other

13  Defendants, to purchase these reagent kits for use on DNBSEQ systems, MGI Americas induces

14  infringement.

15    292.   Further, MGI Americas induces the infringement of other Defendants by

16  participating in, supporting, and encouraging their use of the DNBSEQ products with standardMPS

17  chemistry at the San Jose facility and elsewhere in the United States.

18    293.   MGI Americas acted with knowledge that the induced acts constitute infringement.

19  MGI Americas acted with knowledge of or willful blindness with regards to users' underlying

20  infringement.

21    **Contributory Infringement By MGI Americas**

22    294.   MGI Americas is liable for contributory infringement of the '025 Patent pursuant to

23  35 U.S.C. § 271(c). Specifically, MGI Americas has and is contributing to the infringement of the

24  '025 Patent by, without authority, distributing within the United States, materials and apparatuses

25  for practicing the claimed invention of the '025 Patent, including at least DNBSEQ systems, the

26  DNBSEQ Sample Preparation Systems, and the associated reagent kits (which use specialized

27

28

labeled nucleotides). These products constitute a material part of the claimed invention of the '025 Patent.

295.    MGI Americas knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the associated reagent kits with standardMPS chemistry, constitute material parts of the inventions of the '025 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. MGI Americas knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits with standardMPS chemistry are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '025 Patent. MGI Americas knows that the use of its products by other Defendants and third parties infringes the '025 Patent and it supplies them anyway.

**Infringement Under 271(f) By MGI Americas**

296.    On information and belief, MGI Americas has supplied in or from the United States DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '025 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, MGI Americas has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be

1   combined outside of the United States in a manner that would infringe the patent if such combination

2   occurred within the United States, in violation of 35 USC § 271(f)(2).

3   **Willful Infringement By MGI Americas**

4   297.   As set forth throughout this Complaint, MGI Americas has acted willfully and

5   egregiously in performing the acts of infringement and threatening to perform the acts of

6   infringement identified in this Complaint. MGI Americas' infringement of the '025 Patent has been

7   and is deliberate and willful and constitutes egregious misconduct. On information and belief, MGI

8   Americas, with the other Defendants, monitors Illumina's patents, including the enforcement of

9   related patents against Defendants and others, in both the U.S. and abroad, and is or should be aware

10  of the '025 Patent since at least January 5, 2017, when the patent application first published.

11  Alternatively, MGI Americas was or should have been aware of the '025 Patent at least by October

12  5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019,

13  when Illumina served them with the complaint alleging infringement of the '537 Patent. Despite

14  this, MGI Americas continues to perform the acts of infringement and threatens to perform the acts

15  of infringement identified in this Complaint. In performing the acts of infringement and threatening

16  to perform the acts of infringement identified in this Complaint, MGI Americas has been willfully

17  blind to its ongoing infringement.

18  298.   MGI Americas' infringement of the '025 Patent has injured Illumina in its business

19  and property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant

20  to 35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

21  reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

22  299.   MGI Americas' infringement of the '025 Patent has caused irreparable harm to

23  Illumina and will continue to cause such harm unless and until their infringing activities are enjoined

24  by this Court.

25  **CGI's Infringement of the '025 Patent**

26  300.   Illumina's patented sequencing technology is well-known and has been enforced

27  very publicly against infringers. Together with the other Defendants, CGI has copied that

28

technology. On information and belief, CGI has had knowledge of the '025 Patent at least since January 5, 2017, when the patent application was first published. Alternatively, CGI was or should have been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint alleging infringement of the '537 Patent.

**Direct Infringement By CGI**

301.    CGI has and is directly infringing the '025 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using DNBSEQ system with standardMPS chemistry within the United States, among other infringing acts. CGI has installed DNBSEQ systems at CGI locations in the United States, including its San Jose, California facility. CGI has used DNBSEQ products in the United States.

**Induced Infringement by CGI**

302.    CGI is liable for their induced infringement of the '025 Patent pursuant to 35 U.S.C. § 271(b). Specifically, CGI has and is actively, knowingly, and intentionally inducing infringement of at least claim 1 of the '025 Patent through a range of activities related to the DNBSEQ products with standardMPS chemistry, among other infringing acts. CGI is responsible for substantial marketing of BGI products, including DNBSEQ products, and is threatening to encourage and support the sale of those products in the United States.

303.    CGI has induced infringement by controlling, alone or in concert with the other Defendants, the design, manufacture, and supply of materials or apparatuses to be used with the DNBSEQ systems with standardMPS chemistry, including for example the MGISP-960, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '025 Patent.

304.    CGI has induced infringement by controlling, with the other Defendants, the design, manufacture, and supply of various DNBSEQ reagent kits (which use specialized labeled nucleotides), with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '025 Patent.

305.  CGI has induced infringement by disseminating promotional and marketing materials relating to the DNBSEQ systems with standardMPS chemistry with the knowledge and specific intent that users, including other Defendants, will use DNBSEQ systems to infringe by using the patented nucleotides of the '025 Patent.

306.  CGI has induced infringement by creating distribution channels for the aforementioned DNBSEQ systems, materials and apparatuses for use with the DNBSEQ systems with standardMPS chemistry, and the associated reagent kits, with the knowledge and specific intent that users, including other Defendants, will use these products to infringe by using the patented nucleotides of the '025 Patent.

307.  CGI has induced infringement by distributing other instructional materials, product manuals, technical materials, and bioinformatics software platforms with the knowledge and the specific intent to encourage and facilitate the infringing use of their DNBSEQ products with standardMPS chemistry. These materials direct users, including other Defendants, to use DNBSEQ products in an infringing manner. For example, the DNBSEQ reagent kit manuals state that the kits are for preparation of DNA sequencing using DNBSEQ systems, which are sold with pre-programmed software protocols that control operation of DNBSEQ sequencers so that each use of the DNBSEQ sequencer infringes. By providing reagent kits and directing users to purchase these reagent kits for use on DNBSEQ systems, CGI induces infringement.

308.  Further, CGI induces the infringement of other Defendants by participating in, supporting, and encouraging their use of the DNBSEQ products with standardMPS chemistry at the San Jose facility and elsewhere in the United States.

309.  CGI acted with knowledge that the induced acts constitute infringement. CGI acted with knowledge of or willful blindness with regards to users' underlying infringement.

**Contributory Infringement by CGI**

310.  CGI is liable for contributory infringement of the '025 Patent pursuant to 35 U.S.C. § 271(c). Specifically, CGI has and is contributing to infringement of the '025 Patent by, without authority, supplying within the United States, materials and apparatuses for practicing the claimed

invention of the '025 Patent, including at least DNBSEQ systems, the DNBSEQ Sample Preparation Systems, and the associated reagent kits (which use specialized labeled nucleotides). These products constitute a material part of the claimed invention of the '025 Patent.

311.   CGI knows that DNBSEQ systems, materials and apparatuses designed for use with DNBSEQ systems, and the DNBSEQ reagent kits with standardMPS chemistry, constitute material parts of the inventions of the '025 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. As documented above, DNBSEQ systems are specialized sequencing instruments that carry out a specific method for sequencing DNA using specific labeled nucleotides. As such, neither DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, nor the DNBSEQ reagent kits are a staple article of commerce suitable for substantial non-infringing use. CGI knows that DNBSEQ systems, the materials or apparatuses specifically designed for use with DNBSEQ systems, and the DNBSEQ reagents kits with standardMPS chemistry are not staple articles or commodities of commerce suitable for substantial non-infringing use because these products have no use apart from infringing the '025 Patent. CGI knows that the use of its products by other Defendants and third parties infringes the '025 Patent and supplies them anyway.

**Infringement Under 271(f) By CGI**

312.   On information and belief, CGI has supplied in or from the United States DNBSEQ products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '025 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(1). Alternatively, on information and belief, CGI has supplied in or from the United States components of DNBSEQ products, which products are especially made or especially adapted for use in practicing the claims of the '025 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United

1    States in a manner that would infringe the patent if such combination occurred within the United

2    States, in violation of 35 USC § 271(f)(2).

3    **Willful Infringement By CGI**

4    313.    As set forth throughout this Complaint, CGI has acted willfully and egregiously in

5    performing the acts of infringement and threatening to perform the acts of infringement identified

6    in this Complaint. CGI's infringement of the '025 Patent has been and is deliberate and willful and

7    constitutes egregious misconduct. On information and belief, CGI, with the other Defendants,

8    monitors Illumina's patents, including the enforcement of related patents against Defendants and

9    others, in both the U.S. and abroad, and is or should be aware of the '025 Patent since at least

10   January 5, 2017, when the patent application first published. Alternatively, CGI was or should have

11   been aware of the '025 Patent at least by October 5, 2017, when CGI filed an IPR against the related

12   '537 Patent, or at the very least by July 1, 2019, when Illumina served them with the complaint

13   alleging infringement of the '537 Patent. Despite this, CGI continues to perform the acts of

14   infringement and threatens to perform the acts of infringement identified in this Complaint. In

15   performing the acts of infringement and threatening to perform the acts of infringement identified

16   in this Complaint, CGI has been willfully blind to its ongoing infringement.

17   314.    CGI's infringement of the '025 Patent has injured Illumina in its business and

18   property rights. Illumina is entitled to recovery of monetary damages for such injuries pursuant to

19   35 U.S.C. § 284 in an amount to be determined at trial. Illumina deserves treble damages and the

20   reimbursement of its fees and costs as set forth in 35 U.S.C. §§ 284 and 285.

21   315.    CGI's infringement of the '025 Patent has caused irreparable harm to Illumina and

22   will continue to cause such harm unless and until their infringing activities are enjoined by this

23   Court.

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Illumina prays for relief as follows:

      A.     Judgment that Defendants have infringed one or more claims of the '973, '444 and '025 Patents;

      B.     An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringement of the '973, '444 and '025 Patents;

      C.     An award of damages pursuant to 35 U.S.C. § 284;

      D.     A declaration that Defendants' infringement of the patents in-suit has been willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284;

      E.     An order for an accounting of damages from Defendants' infringement;

      F.     An award to Illumina of their costs and reasonable expenses to the fullest extent permitted by law;

      G.     A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

      H.     An award of such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Illumina hereby demands a trial by jury on all issues so triable.

1    Dated:  February 27, 2020                    Respectfully Submitted,

2

3                                                    _/s/ Edward R, Reines_____
                                                  EDWARD R. REINES (Bar No. 135960)
4                                                 DEREK C. WALTER (Bar No. 246322)
                                                  CHRISTOPHER S. LAVIN (Bar No. 301702)
5                                                 WEIL, GOTSHAL & MANGES LLP
                                                  Silicon Valley Office
6                                                 201 Redwood Shores Parkway
                                                  Redwood Shores, CA  94065
7                                                 Telephone: (650) 802-3000
                                                  Facsimile: (650) 802-3100
8                                                 edward.reines@weil.com
                                                  derek.walter@weil.com
9                                                 christopher.lavin@weil.com

10
                                                  Attorneys for Plaintiffs
11                                                ILLUMINA, INC. and ILLUMINA
                                                  CAMBRIDGE LTD.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28