Katie J.L. Scott (Cal. Bar No. 233171)
Email address:  katie.scott@arnoldporter.com
Krista M. Carter (Cal. Bar No. 225229)
Email address:  krista.carter@arnoldporter.com
Joshua Seitz (Cal. Bar No. 325236)
Email address:  joshua.seitz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California  94306
Telephone:     (650) 319-4500
Facsimile:      (650) 319-4700

Matthew M. Wolf (to be admitted pro hac vice)
Email address:  matthew.wolf@arnoldporter.com
Jennifer Sklenar* (Cal. Bar No. 200434)
Email address:  jennifer.sklenar@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone:     (202) 942-5000
Facsimile:      (202) 942-5999
*Admitted in NY and CA only;
Practice limited to matters before
federal courts and federal agencies

Attorneys for Defendants BGI Americas Corp.,
MGI Tech Co., Ltd., MGI Americas Inc.,
and Complete Genomics, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC. and ILLUMINA CAMBRIDGE LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BGI GENOMICS CO., LTD., BGI AMERICAS CORP, MGI TECH CO., LTD., MGI AMERICAS INC., and COMPLETE GENOMICS INC., <br><br> Defendants. | Case No.:  20-cv-01465-WHO <br><br> **DEFENDANTS' ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants[1] BGI Americas Corp. ("BGI Americas"), MGI Tech Co., Ltd. ("MGI Tech"), MGI Americas Inc. ("MGI Americas," and Complete Genomics, Inc. ("CGI") (collectively, "Defendants"),[2] through its undersigned counsel, hereby demands a jury trial and answers the Complaint of Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively, "Illumina") as follows:

## INTRODUCTION

1.      Defendants admit that BGI Genomics and MGI Tech are headquartered in Shenzhen, China.  Defendants deny any remaining allegations of Paragraph 1.

2.      Defendants admit that this action involves U.S. Patent Nos. 7,771,973 (the "'973 Patent"), 7,541,444 (the "'444 Patent"), and 10,480,025 (the "'025 Patent").  Defendants admit that Exs. 1, 2, and 3 of the Complaint appear to be copies of the '973 Patent, the '444 Patent, and the '025 Patent, respectively.  Defendants deny any remaining allegations of Paragraph 2.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that they have installed and operated certain BGISEQ and MGISEQ sequencers at their San Jose, California facility.  Defendants admit that they intend to make sequencing instruments and CoolMPS[TM] reagents commercially available.  Defendants deny any remaining allegations of Paragraph 3.

4.      Defendants admit the allegations of Paragraph 4.

5.      Defendants admit that CGI filed two Petitions to institute inter partes review ("IPR") of several claims of the '537 Patent.  Defendants admit that CGI listed BGI Shenzhen Co., Ltd., BGI Groups USA Inc., BGI Genomics Co., Ltd., and BGI Americas Corporation as real parties in interest in those Petitions and that MGI Tech and MGI Americas were not identified as

---

[1] At the time of this filing, Defendant BGI Genomics Co., Ltd. ("BGI Genomics") has not been served with Illumina's Complaint.  Nothing herein shall be considered a response by BGI Genomics.  With respect to any response contained herein that is directed to alleged activities or knowledge of BGI Genomics, such response is based on the information and belief of the responding Defendants only.

[2] Illumina refers to the Defendants with alternative short-hand names that are inconsistent with ordinary corporate practice.  Thus, those short-hand names will not be used herein.

real parties in interest.  Defendants deny any remaining allegations of Paragraph 5 of the Complaint.

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this District has familiarity with related patents and the dispute.  Defendants admit that they have a San Jose, California facility in this District.  Defendants deny any remaining allegations of Paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny any allegations in Paragraph 7.

### PARTIES

8.      Defendants admit that, on information and belief, Plaintiff Illumina, Inc. is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

9.      Defendants admit that, on information and belief, Plaintiff Illumina Cambridge Ltd. is a foreign corporation with its principal place of business at Chesterford Research Park, Little Chesterford, Saffron Walden, Essex CB10 1XL, United Kingdom.

10.      Defendants lack sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint, and on that basis, deny them.

11.      Defendants admit that BGI Genomics is a Chinese corporation that has its headquarters at Building No.7, BGI Park, No.21 Hongan 3rd Street, Yantian District, Shenzhen 518083, China.  Defendants deny any remaining allegations of Paragraph 11.

12.      Defendants deny the allegations of Paragraph 12.

13.      Defendants admit that MGI Tech is a Chinese corporation that has its headquarters at Building No.11, Beishan Industrial Zone, Yantian District, Shenzhen 518083, China. Defendants deny any remaining allegations of Paragraph 13.

14.      Defendants admit that MGI Americas has a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendants deny any remaining allegations of Paragraph 14.

15.     Defendants admit that CGI has a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendants deny any remaining allegations of Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 16.

## JURISDICTION AND VENUE

17.     Defendants admit that this action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1, et seq. and that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

18.     Defendants admit, for the purposes of this action, that venue is proper in this District.  Defendants further admit that MGI Americas and CGI have a principal place of business at 2904 Orchard Parkway, San Jose, California 95134.  Defendants deny any remaining allegations of Paragraph 18.

19.     Defendants admit that venue is proper under 28 U.S.C. § 1391(b) and (c), and 1400(b), for the foreign Defendants because as foreign defendants they may be sued in any judicial district, including in this District.  Defendants admit that Judge Orrick of this District has experience with the patents related to the patents-in-suit and that Judge Alsup of this district had experience with patents related to the patents-in-suit, but he has stated that he "now remembers little about the patents."  *See Illumina, Inc. et al. v. BGI Genomics Co., Ltd., et al.*, Case No. 19-cv-03770-WHO at D.N. 18.  Defendants deny any remaining allegations of Paragraph 19.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit, for the purposes of this action, that this Court has personal jurisdiction over each of the Defendants.  Defendants deny any remaining allegations of Paragraph 20.

21.     Defendants admit the allegations of Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 22.

3

a.    Defendants admit that Ex. 50 of the Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California.  Defendants deny any remaining allegations of Paragraph 22.a. of the Complaint.

b.    Paragraph 22.b. of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 22.b. of the Complaint.

c.    Paragraph 22.c. of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 22.c. of the Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 22.c. of the Complaint.

d.    Defendants admit that in March 2019, BGI Genomics entered into a $50 million partnership with Natera, Inc.  Defendants deny any remaining allegations of Paragraph 22.d.

23.    Paragraph 23 requires no response.

a.    Defendants admit that Ex. 12 of the Complaint identifies Yongwei Zhang as the Group VP and CEO of BGI Americas Region at BGI Group.  Defendants deny any remaining allegations in Paragraph 23.a. of the Complaint.

b.    Defendants admit that Ex. 13 of the Complaint identifies Ke Zhan as a Director of Product Management at BGI Americas.  Defendants deny any remaining allegations in Paragraph 23.b. of the Complaint.

c.    Defendants admit that Ex. 14 of the Complaint identifies Yuhan Zhang as a resident in the San Francisco Bay Area and as having worked in San Jose, California.  Defendants further admit that Ex. 14 of the Complaint states that Ms.

4

Zhang "[i]dentified new business opportunities, reached out to potential partners and managed existing relationship through email campaign, framed contracts, and MoU," and "[o]rganized and supported marketing events in North and South America to promote the brand and publicity." Defendants deny any remaining allegations in Paragraph 23.c. of the Complaint.

24.     Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that, for the purposes of this case, BGI Genomics has not contested personal jurisdiction, but that BGI Genomics has not been served, such exercise of jurisdiction over BGI Genomics is improper at this time. *See Illumina, Inc. et al. v. BGI Genomics Co., Ltd., et al.*, Case No. 19-cv-03770-WHO at D.N. 27 and 42. Defendants deny any remaining allegations of Paragraph 24 of the Complaint.

25.     Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that BGI Americas is present in California. Defendants deny any remaining allegations of Paragraph 25.

a.     Defendants admit the allegations of Paragraph 25.a. of the Complaint.

b.     Defendants deny the allegations of Paragraph 25.b. of the Complaint.

c.     Paragraph 25.c. of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that some of the employees of BGI Americas, including former employee Johan Christiaanse, were located in this District. Defendants also admit that Yongwei Zhang resides in this District. Defendants deny any remaining allegations of Paragraph 25.c. of the Complaint.

d.     Defendants admit that BGI Americas offers a variety of biotechnology services to customers in North and South America including services related to Defendants' sequencing products, including arranging for sequencing services for North and South American customers to be performed in laboratories outside the United States.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over BGI Americas.  Defendants deny any remaining allegations of Paragraph 26 of the Complaint.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 27.

a.     Defendants admit that MGI Tech recently announced plans to make sequencing instruments and CoolMPS$^{TM}$ reagents commercially available in the United States.

b.     Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base." Defendants deny any remaining allegations of Paragraph. 27.b. of the Complaint.

c.     Paragraph 27.c. of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI Americas' website, as reflected in Ex. 20 to the Complaint, states: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  Defendants admit that NGS stands for "next generation sequencing."  Defendants deny any remaining allegations of Paragraph 27.c. of the Complaint.

d.     Paragraph 27.d. of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Duncan Yu appeared at the J.P. Morgan Healthcare Conference in San Francisco, California on January 9, 2019.  Defendants deny any remaining allegations of Paragraph 27.d.

e.     Defendants admit that, on March 4, 2019, in San Jose, California, MGI Tech announced claimed improvements to its sequencing technology and its plans to enter the United States market.

6

    f.       Paragraph 27.f. of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that MGI Tech is involved in the research, development and marketing of the accused products in China.  Defendants deny any remaining allegations of Paragraph 27.f.

    g.       Paragraph 27.g. of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that MGI Tech's Chief Science Officer, Rade Drmanac, Director of Business Development, Jia Sophie Liu, and VP of Engineering, Paul Lundquist, reside in this District.  Defendants deny any remaining allegations of Paragraph 27.g. of the Complaint.

28.      Paragraph 28 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, for the purposes of this case, Defendants do not contest that this Court has jurisdiction over MGI Tech.  Defendants deny any remaining allegations of Paragraph 28 of the Complaint.

29.      Paragraph 29 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that MGI Americas is present in California.  Defendants deny any remaining allegations of Paragraph 29.

    a.       Paragraph 29.a. contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Counsel for Defendants have provided notice to Illumina that MGI Americas intends to make sequencing instruments and CoolMPS$^{TM}$ reagents commercially available in the United States.  Defendants deny any remaining allegations in Paragraph 29.a.

    b.       Paragraph 29.b. contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that Counsel for Defendants have provided notice to Illumina that MGI Americas intends to make sequencing instruments and standard MPS reagents available to key opinion

7

1   leaders on a no cost trial basis in the United States.  Defendants deny any

2   remaining allegations in Paragraph 29.b.

3   c.   Paragraph 29.c. of the Complaint contains legal conclusions to which no response

4       is required.  To the extent that a response is deemed required, Defendants admit

5       that the MGI Americas' website, as reflected in Ex. 20 to the Complaint, states:

6       "As the leading manufacturer and developer of BGI's proprietary NGS

7       instrumentation, the global MGI organization provides comprehensive products

8       and services for fully-automated, real-time, whole picture and lifelong genetic

9       analysis in life science research."  Defendants admit that NGS stands for "next

10      generation sequencing."  Defendants deny any remaining allegations of Paragraph

11      29.c. of the Complaint.

12  d.   Paragraph 29.d. of the Complaint contains legal conclusions to which no response

13      is required.  To the extent that a response is deemed required, Defendants admit

14      that MGI Americas is involved in the research, development, and marketing of the

15      accused products.  Defendants deny any remaining allegations of Paragraph 29.d.

16  e.   Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field

17      service engineer, Abigail Frank, "services NGS instruments and lab automated

18      workstations at Complete Genomics in San Jose, as well as external customers

19      throughout North and South America."  Defendants deny any remaining

20      allegations of Paragraph 29.e. of the Complaint.

21  f.   Defendants admit that Ex. 38 of the Complaint states that MGI Americas is

22      responsible for sales and marketing of the accused sequencing instruments and

23      certain related materials in North and South America.  Defendants deny any

24      remaining allegations of Paragraph 29.f.

25  30.  Paragraph 30 contains legal conclusions to which no response is required.  To the

26  extent that a response is deemed required, for the purposes of this case, Defendants do not contest

27  that this Court has jurisdiction over MGI Americas.  Defendants deny any remaining allegations

28  of Paragraph 30 of the Complaint.

8

31.     Paragraph 31 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that CGI is present in California. Defendants deny any remaining allegations of Paragraph 31.

a.     Paragraph 31.a. of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that CGI is involved in the development, marketing, and operation of the accused products.  Defendants deny any remaining allegations of Paragraph 31.a.

b.     Paragraph 31.b. of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that according to Exs. 24 & 30-31 of the Complaint, Suzanne Yakota, Shifeng Li, and Rade Drmanac's LinkedIn profiles state they reside in the San Francisco Bay Area. Defendants deny any remaining allegations of Paragraph 31.b. of the Complaint.

c.     Defendants admit that, according to Ex. 32 of the Complaint, CGI Fluidics Systems Engineer, Wei Wang, states she ensures the proper installation qualification and operation qualification (IQ/OQ), and instrument performance verification (IPV) of NGS systems, such as the BGISEQ-500 in an ISO 17025 accredited and customer-oriented environment, and that Ms. Wang states she is responsible for creating and compiling comprehensive procedural documentation for NGS systems, for processes including IQ/OQ, IPV, troubleshooting, repairs, replacement parts, calibrations, and maintenance.

d.     Defendants admit that Exs. 33-34 of the Complaint describe CGI job postings for a Senior Regional Sales Manager/Director and a Strategic Accounts Specialist/Manager/Director based in San Jose, California.  Defendants further admit that, according to the job postings, the positions, inter alia, would: (i) provide a one touch-point for the global customers with the full MGI product portfolio; (ii) navigate orders through the customer purchasing process; and (iii) be responsible for leading regional sale activities for MGI's NGS Sequencing

9

1    instruments, reagents, software, or solutions in the designated region.  Defendants

2    deny any remaining allegations of Paragraph 31.d. of the Complaint.

3        32.    Paragraph 32 contains legal conclusions to which no response is required.  To the

4    extent that a response is deemed required, Defendants admit that this Court has jurisdiction over

5    CGI.  Defendants deny any remaining allegations of Paragraph 32 of the Complaint.

6        33.    Paragraph 33 contains legal conclusions to which no response is required.  To the

7    extent that a response is deemed required, Defendants deny the allegations of Paragraph 33.

8    **INTRA-DISTRICT ASSIGNMENT**

9        34.    Defendants admit that pursuant to Civil Local Rules 3-5(b) and 3-2(c), because

10   this action is an intellectual property action, it is properly assigned to any of the divisions in this

11   District.  Defendants admit that this case is properly assigned to Judge William H. Orrick's Court

12   in the San Francisco Division.  Defendants deny any remaining allegations of Paragraph 34.

13   **BACKGROUND**

14   **Alleged Infringement of the '973, '444, and '025 Patents by the DNBSEQ Systems**

15       35.    Defendants admit that the '973 Patent, entitled "Modified Nucleotides" issued on

16   August 10, 2010, and that the inventors named on the face of the '973 Patent are John Milton,

17   Xioalin Wu, Mark Smith, Joseph Brennan, Colin Barnes, Xioahai Liu, and Silke Ruediger.

18   Defendants admit that a copy of the '973 Patent appears to be attached to the Complaint as Ex. 1.

19   Defendants lack sufficient information to respond to the remaining allegations of Paragraph 35,

20   and on that basis denies them.

21       36.    Defendants admit that the '444 Patent, entitled "Modified Nucleotides" issued on

22   June 2, 2009, and that the inventors named on the face of the '973 Patent are John Milton, Xioalin

23   Wu, Mark Smith, Joseph Brennan, Colin Barnes, Xioahai Liu, and Silke Ruediger.  Defendants

24   admit that a copy of the '444 Patent appears to be attached to the Complaint as Ex. 2.  Defendants

25   lack sufficient information to respond to the remaining allegations of Paragraph 36, and on that

26   basis denies them.

27       37.    Defendants admit that the '025 Patent, entitled "Labelled Nucleotides" issued on

28   November 19, 2019, and that the inventors named on the face of the '025 Patent are Shankar

10

Balasubramanian, Colin Lloyd Barnes, Xioahai Liu, John Milton, Xioalin Wu, and Harold Swerdlow.  Defendants admit that a copy of the '025 Patent appears to be attached to the Complaint as Ex. 3.  Defendants lack sufficient information to respond to the remaining allegations of Paragraph 37, and on that basis denies them.

38.     Defendants admit that the '973, '444, and '025 Patents appear to claim priority to the '131 App.  Defendants admit that the '537 Patent appears to claim priority to the '131 App.  Defendants admit that Illumina has asserted the '537 Patent against Defendants in this District. *Illumina, Inc. et al,  v. BGI Genomics Co., Ltd. et al*, 19-cv-03770-WHO (N.D. Cal.). Defendants admit that Illumina filed suit in German Court based on EP1530578B1.  *Illumina v. Latvia MGI Tech SIA*, LG Düsseldorf.  Defendants deny any remaining allegations of Paragraph 38.

39.     Paragraph 39 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that CGI filed IPR2017-02172 on October 5, 2017.  Defendants deny any remaining allegations of Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that an opposition was filed against European Patent No. EP3002289B1 on December 28, 2018.  Defendants deny any remaining allegations of Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that a complaint regarding the '537 Patent was served on July 1, 2019.  Defendants deny any remaining allegations of Paragraph 41.

42.     Defendants admit that in or around October 2015, BGI Genomics launched the BGISEQ-500.  Defendants admit that the BGISEQ-500 was developed by CGI.  Defendants admit that in or around November 2016, BGI Genomics launched the BGISEQ-50.  Defendants admit that in or around October 2017, BGI launched the MGISEQ-200 and the MGISEQ-2000, which are now known as the DBNSEQ-50 and DBNSEQ-G400, respectively.  Defendants admit that in or around October 2018, MGI launched the MGISEQ-T7, which is now known as the DBNSEQ-T7.  Defendants admit that the BGISEQ and MGISEQ devices are identified in MGI

11

Tech's product brochures, on the "Sequencer" section of MGI Tech's website, and the product user manuals, which are all publicly accessible on MGI Tech's website.  Defendants admit that a copy of the MGISEQ-2000 product brochure appears to be attached to the Complaint as Ex. 35, that relevant pages of the website itself appear to be attached to the Complaint as Ex. 36, and that the user manual appears to be attached to the Complaint as Ex. 37.  Defendants deny any remaining allegations of Paragraph 42.

43.     Paragraph 43 contains legal conclusions or definitions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 43.

44.     Paragraph 44 contains legal conclusions or definitions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 44.

45.     Defendants admit that Ex. 22 contains the language quoted in Paragraph 45. Defendants deny any remaining allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations of Paragraph 47.

48.     Defendants admit the allegations of Paragraph 48.

49.     Defendants admit the allegations of Paragraph 49.

50.     Defendants admit that a preliminary and exemplary claim chart is attached to the Complaint as Ex. 4.  In attempting to incorporate the claim chart as allegations, the Complaint seeks to impose obligations far beyond those contemplated and allowed by the Federal Rules of Civil Procedure and this District's Patent Local Rules.  To the extent that Illumina seeks to incorporate each element of the claim chart as an allegation, the allegations do not comply with Federal Rule of Civil Procedure 8(d), which requires that "each allegation must be simple, concise, and direct."  Furthermore, the allegations in the claim charts are vague and ambiguous as Illumina has indicated that the claim chart is not intended to limit Illumina's right to modify the chart, and that the chart is "preliminary and exemplary."  Defendants deny any remaining allegations of Paragraph 50.

12

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have used the DNBSEQ sequencers and related reagents within the United States.  Defendants deny any remaining allegations of Paragraph 51.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit they distribute DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in their websites.  Defendants deny any remaining allegations of Paragraph 52.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 53.

54.     Defendants admit that a preliminary and exemplary claim chart is attached to the Complaint as Ex. 5.  In attempting to incorporate the claim chart as allegations, the Complaint seeks to impose obligations far beyond those contemplated and allowed by the Federal Rules of Civil Procedure and this District's Patent Local Rules.  To the extent that Illumina seeks to incorporate each element of the claim chart as an allegation, the allegations do not comply with Federal Rule of Civil Procedure 8(d), which requires that "each allegation must be simple, concise, and direct."  Furthermore, the allegations in the claim charts are vague and ambiguous as Illumina has indicated that the claim chart is not intended to limit Illumina's right to modify the chart, and that the chart is "preliminary and exemplary."  Defendants deny any remaining allegations of Paragraph 54.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have used the DNBSEQ sequencers and related reagents within the United States.  Defendants deny any remaining allegations of Paragraph 55.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit they distribute

DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in their websites.  Defendants deny any remaining allegations of Paragraph 56.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 57.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 58.

59.     Defendants admit that a preliminary and exemplary claim chart is attached to the Complaint as Ex. 6.  In attempting to incorporate the claim chart as allegations, the Complaint seeks to impose obligations far beyond those contemplated and allowed by the Federal Rules of Civil Procedure and this district's Patent Local Rules.  To the extent that Illumina seeks to incorporate each element of the claim chart as an allegation, the allegations do not comply with Federal Rule of Civil Procedure 8(d), which requires that "each allegation must be simple, concise, and direct."  Furthermore, the allegations in the claim charts are vague and ambiguous as Illumina has indicated that the claim chart is not intended to limit Illumina's right to modify the chart, and that the chart is "preliminary and exemplary."  Defendants deny any remaining allegations of Paragraph 59.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that they have used the DNBSEQ sequencers and related reagents within the United States.  Defendants deny any remaining allegations of Paragraph 60.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit they distribute DNBSEQ promotional and marketing materials and the DNBSEQ User Manuals in their websites.  Defendants deny any remaining allegations of Paragraph 61.

14

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 62.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of Paragraph 63.

## COUNT I

### Non-Infringement of U.S. Patent No. 7,771,973 (the "'973 Patent")

64.     Defendants repeat and reallege its answers to Paragraphs 1 through 63 as if fully set forth herein.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 65.

### BGI Genomics' Non-Infringement of the '973 Patent

66.     Paragraph 66 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 66.

67.     Paragraph 67 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 67.

### Direct Non-Infringement By BGI Genomics

68.     Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 68.

69.     Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants admit that the BGISEQ-500 was developed by CGI.  Defendants deny any remaining allegations of Paragraph 69.

70.     Defendants admit that Ex. 50 of the Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California.  Defendants deny any remaining allegations of Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 71 of the Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 71 of the Complaint.

**Induced Non-Infringement by BGI Genomics**

72.     Paragraph 72 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 72.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 73.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 74.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 75.

76.     Paragraph 76 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 76 of the Complaint.

16

77.     Paragraph 77 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 77.

78.     Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 78.

79.     Paragraph 79 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 79.

**Contributory Non-Infringement By BGI Genomics**

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 80.

81.     Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 81.

**Willful Non-Infringement By BGI Genomics**

82.     Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 82.

83.     Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 83.

84.     Paragraph 84 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 84.

**BGI Americas' Non-Infringement of the '973 Patent**

85.     Paragraph 85 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 85.

**Direct Non-Infringement By BGI Americas**

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 86.

**Induced Non-Infringement By BGI Americas**

87.     Paragraph 87 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 87.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 88.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 89.

90.     Paragraph 90 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 90.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 91.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 92.

**Contributory Non-Infringement by BGI Americas**

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 93.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 94.

**Willful Non-Infringement By BGI Americas**

95.     Paragraph 95 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 95.

96.     Paragraph 96 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 96.

97.     Paragraph 97 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 97.

**MGI Tech's Non-Infringement of the '973 Patent**

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 98.

**Direct Non-Infringement By MGI Tech**

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI Americas' website states: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." Defendants admit that NGS stands for "next generation sequencing."  Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-

the-art technology and development base." Defendants deny any remaining allegations of Paragraph 99 of the Complaint.

**Induced Non-Infringement By MGI Tech**

100.    Paragraph 100 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 100.

101.    Paragraph 101 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 101.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 102.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 103.

104.    Paragraph 104 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 104.

105.    Paragraph 105 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 105.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 106.

107.    Paragraph 107 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 107.

108.     Paragraph 108 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 108.

### Contributory Non-Infringement By MGI Tech

109.     Paragraph 109 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 109.

110.     Paragraph 110 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 110.

### Willful Non-Infringement By MGI Tech

111.     Paragraph 111 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 111.

112.     Paragraph 112 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 112.

113.     Paragraph 113 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 113.

### MGI Americas' Non-Infringement of the '973 Patent

114.     Paragraph 114 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 114.

### Direct Non-Infringement By MGI Americas

115.     Paragraph 115 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI Americas' website states: "As the leading manufacturer and developer of BGI's proprietary NGS

21

instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." Defendants admit that NGS stands for "next generation sequencing."  Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base."  Defendants deny any remaining allegations of Paragraph 115 of the Complaint.

## Induced Non-Infringement By MGI Americas

116.    Paragraph 116 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 116.

117.    Paragraph 117 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 117.

118.    Paragraph 118 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 118.

119.    Paragraph 119 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 119.

120.    Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field service engineer, Abigail Frank, "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America."  Defendants deny any remaining allegations of Paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 121.

122.     Paragraph 122 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 122.

123.     Paragraph 123 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 123.

124.     Paragraph 124 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 124.

**Contributory Non-Infringement By MGI Americas**

125.     Paragraph 125 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 125.

126.     Paragraph 126 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 126.

**Willful Non-Infringement By MGI Americas**

127.     Paragraph 127 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 127.

128.     Paragraph 128 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 128.

129.     Paragraph 129 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 129.

**CGI's Non-Infringement of the '973 Patent**

130.    Paragraph 130 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 130.

**Direct Non-Infringement By CGI**

131.    Paragraph 131 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 131.

**Induced Non-Infringement by CGI**

132.    Paragraph 132 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 132.

133.    Paragraph 133 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 133.

134.    Paragraph 134 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 134.

135.    Paragraph 135 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 135.

136.    Paragraph 136 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 136.

137.    Paragraph 137 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 137.

138.    Paragraph 138 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 138.

139.    Paragraph 139 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 139.

**Contributory Non-Infringement by CGI**

140.    Paragraph 140 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 140.

141.    Paragraph 141 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 141.

**Willful Non-Infringement By CGI**

142.    Paragraph 142 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 142.

143.    Paragraph 143 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 143.

144.    Paragraph 144 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 144.

**COUNT II**

**Non-Infringement of U.S. Patent No. 7,541,444 ("'200 Patent")**

145.    Defendants repeat and reallege its answers to Paragraphs 1 through 144 as if fully set forth herein.

146.    Paragraph 146 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 146.

**BGI Genomics' Non-Infringement of the '444 Patent**

147.    Paragraph 147 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 147.

148.    Paragraph 148 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 148.

**Direct Non-Infringement By BGI Genomics**

149.    Paragraph 149 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 149.

150.    Paragraph 150 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the BGISEQ-500 was developed by CGI.  Defendants deny any remaining allegations of Paragraph 150.

151.    Defendants admit that Ex. 50 of the Complaint depicts "Representative Offices" in San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose, California.  Defendants deny any remaining allegations of Paragraph 151 of the Complaint.

152.    Paragraph 152 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 152 of the Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 152 of the Complaint.

**Induced Non-Infringement by BGI Genomics**

153.     Paragraph 153 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 153.

154.     Paragraph 154 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 154.

155.     Paragraph 155 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 155.

156.     Paragraph 156 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 156.

157.     Paragraph 157 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 158.

159.     Paragraph 159 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 159.

160.     Paragraph 160 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 160.

**Contributory Non-Infringement By BGI Genomics**

161.    Paragraph 161 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 161.

162.    Paragraph 162 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 162.

### Non-Infringement Under 271(f) By BGI Genomics

163.    Paragraph 163 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 163.

### Willful Non-Infringement By BGI Genomics

164.    Paragraph 164 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 164.

165.    Paragraph 165 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 165.

166.    Paragraph 166 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 166.

### BGI Americas' Non-Infringement of the '444 Patent

167.    Paragraph 167 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 167.

### Direct Non-Infringement By BGI Americas

168.    Paragraph 168 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 168.

**Induced Non-Infringement By BGI Americas**

169.     Paragraph 169 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 169.

170.     Paragraph 170 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 170.

171.     Paragraph 171 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 171.

172.     Paragraph 172 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 172.

173.     Paragraph 173 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 173.

174.     Paragraph 174 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 174.

**Contributory Non-Infringement by BGI Americas**

175.     Paragraph 175 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 175.

176.     Paragraph 176 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 176.

**Non-Infringement Under 271(f) By BGI Americas**

29

177.    Paragraph 177 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 177.

**Willful Non-Infringement By BGI Americas**

178.    Paragraph 178 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 178.

179.    Paragraph 179 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 179.

180.    Paragraph 180 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 180.

**MGI Tech's Non-Infringement of the '444 Patent**

181.    Paragraph 181 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 181.

**Direct Non-Infringement By MGI Tech**

182.    Paragraph 182 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI Americas' website states:  "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." Defendants admit that NGS stands for "next generation sequencing."  Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base."  Defendants deny any remaining allegations of Paragraph 182 of the Complaint.

**Induced Non-Infringement By MGI Tech**

183.    Paragraph 183 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 183.

184.    Paragraph 184 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 184.

185.    Paragraph 185 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 185.

186.    Paragraph 186 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 186.

187.    Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field service engineer, Abigail Frank, "services NGS instruments and lab automated workstations at CGI in San Jose, as well as external customers throughout North and South America." Defendants deny any remaining allegations of Paragraph 187 of the Complaint.

188.    Paragraph 188 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 188.

189.    Paragraph 189 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 189.

190.    Paragraph 190 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 190.

191.    Paragraph 191 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 191.

31

**Contributory Non-Infringement By MGI Tech**

192.     Paragraph 192 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 192.

193.     Paragraph 193 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 193.

**Non-Infringement Under 271(f) By MGI Tech**

194.     Paragraph 194 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 194.

**Willful Non-Infringement By MGI Tech**

195.     Paragraph 195 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 195.

196.     Paragraph 196 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 196.

197.     Paragraph 197 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 197.

**MGI Americas' Non-Infringement of the '444 Patent**

198.     Paragraph 198 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 198.

**Direct Non-Infringement By MGI Americas**

199.     Paragraph 199 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI

Americas' website states: "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." Defendants admit that NGS stands for "next generation sequencing." Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base." Defendants deny any remaining allegations of Paragraph 199 of the Complaint.

## Induced Non-Infringement By MGI Americas

200.    Paragraph 200 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 200.

201.    Paragraph 201 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 201.

202.    Paragraph 202 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 202.

203.    Paragraph 203 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 203.

204.    Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field service engineer, Abigail Frank, "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America." Defendants deny any remaining allegations of Paragraph 204 of the Complaint.

205.    Paragraph 205 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 205.

206.     Paragraph 206 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 206.

207.     Paragraph 207 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 207.

208.     Paragraph 208 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 208.

**Contributory Non-Infringement By BGI Americas**

209.     Paragraph 209 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 209.

210.     Paragraph 210 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 210.

**Non-Infringement Under 271(f) By MGI Americas**

211.     Paragraph 211 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 211.

**Willful Non-Infringement By MGI Americas**

212.     Paragraph 212 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 212.

213.     Paragraph 213 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 213.

214.    Paragraph 214 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 214.

**CGI's Non-Infringement of the '444 Patent**

215.    Paragraph 215 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 215.

**Direct Non-Infringement By CGI**

216.    Paragraph 216 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 216.

**Induced Non-Infringement by CGI**

217.    Paragraph 217 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 217.

218.    Paragraph 218 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 218.

219.    Paragraph 219 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 219.

220.    Paragraph 220 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 220.

221.    Paragraph 221 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 221.

222.    Paragraph 222 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 222.

223.    Paragraph 223 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 223.

224.    Paragraph 224 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 224.

**Contributory Non-Infringement by CGI**

225.    Paragraph 225 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 225.

226.    Paragraph 226 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 226.

**Non-Infringement Under 271(f) By CGI**

227.    Paragraph 227 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 227.

**Willful Non-Infringement By CGI**

228.    Paragraph 228 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 228.

229.    Paragraph 229 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 229.

1    230.    Paragraph 230 of the Complaint contains legal conclusions to which no response is

2    required.  To the extent that a response is deemed required, Defendants deny the allegations of

3    Paragraph 230.

4                                        **COUNT III**

5              **Non-Infringement of U.S. Patent No. 10,480,025 ("'025 Patent")**

6    231.    Defendants repeat and reallege its answers to Paragraphs 1 through 230 as if fully

7    set forth herein.

8    232.    Paragraph 232 of the Complaint contains legal conclusions to which no response is

9    required.  To the extent that a response is deemed required, Defendants deny the allegations of

10    Paragraph 232.

11              **BGI Genomics' Non-Infringement of the '025 Patent**

12    233.    Paragraph 233 of the Complaint contains legal conclusions to which no response is

13    required.  To the extent that a response is deemed required, Defendants deny the allegations of

14    Paragraph 233.

15    234.    Paragraph 234 of the Complaint contains legal conclusions to which no response is

16    required.  To the extent that a response is deemed required, Defendants deny the allegations of

17    Paragraph 234.

18              **Direct Non-Infringement By BGI Genomics**

19    235.    Paragraph 235 of the Complaint contains legal conclusions to which no response is

20    required.  To the extent that a response is deemed required, Defendants deny the allegations of

21    Paragraph 235.

22    236.    Paragraph 236 of the Complaint contains legal conclusions to which no response is

23    required.  To the extent that a response is deemed required, Defendants admit that the BGISEQ-

24    500 was developed by CGI.  Defendants deny any remaining allegations of Paragraph 236.

25    237.    Defendants admit that Ex. 50 of the Complaint depicts "Representative Offices" in

26    San Francisco, Los Angeles, and San Diego, California and an "Office/Lab" in San Jose,

27    California.  Defendants deny any remaining allegations of Paragraph 237 of the Complaint.

28

238.     Paragraph 238 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics has had a presence at industry trade shows in California, including those listed in Paragraph 238 of the Complaint and that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 238 of the Complaint.

**Induced Non-Infringement by BGI Genomics**

239.     Paragraph 239 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 239.

240.     Paragraph 240 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 240.

241.     Paragraph 241 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 241.

242.     Paragraph 242 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 242.

243.     Paragraph 243 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that BGI Genomics' CEO, Ye Yin, presented at the J.P. Morgan Health Care Conference in January of 2018.  Defendants deny any remaining allegations in Paragraph 243 of the Complaint.

244.     Paragraph 244 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 244.

245.     Paragraph 245 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 245.

246.     Paragraph 246 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 246.

**Contributory Non-Infringement By BGI Genomics**

247.     Paragraph 247 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 247.

248.     Paragraph 248 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 248.

**Non-Infringement Under 271(f) By BGI Genomics**

249.     Paragraph 249 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 249.

**Willful Non-Infringement By BGI Genomics**

250.     Paragraph 250 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 250.

251.     Paragraph 251 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 251.

252.     Paragraph 252 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 252.

**BGI Americas' Non-Infringement of the '025 Patent**

253.    Paragraph 253 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 253.

### Direct Non-Infringement By BGI Americas

254.    Paragraph 254 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 254.

### Induced Non-Infringement By BGI Americas

255.    Paragraph 255 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 255.

256.    Paragraph 256 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 256.

257.    Paragraph 257 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 257.

258.    Paragraph 258 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 258.

259.    Paragraph 259 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 259.

260.    Paragraph 260 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 260.

### Contributory Non-Infringement by BGI Americas

1     261.    Paragraph 261 of the Complaint contains legal conclusions to which no response is

2   required.  To the extent that a response is deemed required, Defendants deny the allegations of

3   Paragraph 261.

4     262.    Paragraph 262 of the Complaint contains legal conclusions to which no response is

5   required.  To the extent that a response is deemed required, Defendants deny the allegations of

6   Paragraph 262.

7   **Non-Infringement Under 271(f) By BGI Americas**

8     263.    Paragraph 263 of the Complaint contains legal conclusions to which no response is

9   required.  To the extent that a response is deemed required, Defendants deny the allegations of

10  Paragraph 263.

11  **Willful Non-Infringement By BGI Americas**

12    264.    Paragraph 264 of the Complaint contains legal conclusions to which no response is

13  required.  To the extent that a response is deemed required, Defendants deny the allegations of

14  Paragraph 264.

15    265.    Paragraph 265 of the Complaint contains legal conclusions to which no response is

16  required.  To the extent that a response is deemed required, Defendants deny the allegations of

17  Paragraph 265.

18    266.    Paragraph 266 of the Complaint contains legal conclusions to which no response is

19  required.  To the extent that a response is deemed required, Defendants deny the allegations of

20  Paragraph 266.

21  **MGI Tech's Non-Infringement of the '444 Patent**

22    267.    Paragraph 267 of the Complaint contains legal conclusions to which no response is

23  required.  To the extent that a response is deemed required, Defendants deny the allegations of

24  Paragraph 267.

25  **Direct Non-Infringement By MGI Tech**

26    268.    Paragraph 268 of the Complaint contains legal conclusions to which no response is

27  required.  To the extent that a response is deemed required, Defendants admit that the MGI

28  Americas' website states:  "As the leading manufacturer and developer of BGI's proprietary NGS

41

instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research." Defendants admit that NGS stands for "next generation sequencing."  Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base."  Defendants deny any remaining allegations of Paragraph 268 of the Complaint.

**Induced Non-Infringement By MGI Tech**

269.    Paragraph 269 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 269.

270.    Paragraph 270 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 270.

271.    Paragraph 271 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 271.

272.    Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field service engineer, Abigail Frank, "services NGS instruments and lab automated workstations at Complete Genomics in San Jose, as well as external customers throughout North and South America."  Defendants deny any remaining allegations of Paragraph 272 of the Complaint.

273.    Paragraph 273 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 273.

274.    Paragraph 274 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 274.

275.     Paragraph 275 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 275.

276.     Paragraph 276 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 276.

**Contributory Non-Infringement By MGI Tech**

277.     Paragraph 277 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 277.

278.     Paragraph 278 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 278.

**Non-Infringement Under 271(f) By MGI Tech**

279.     Paragraph 279 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 279.

**Willful Non-Infringement By MGI Tech**

280.     Paragraph 280 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 280.

281.     Paragraph 281 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 281.

282.     Paragraph 282 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 282.

**MGI Americas' Non-Infringement of the '025 Patent**

283.     Paragraph 283 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 283.

**Direct Non-Infringement By MGI Americas**

284.     Paragraph 284 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the MGI Americas' website states:  "As the leading manufacturer and developer of BGI's proprietary NGS instrumentation, the global MGI organization provides comprehensive products and services for fully-automated, real-time, whole picture and lifelong genetic analysis in life science research."  Defendants admit that NGS stands for "next generation sequencing."  Defendants admit that a map on MGI Tech's website shows that it has a San Jose, California facility that is a "State-of-the-art technology and development base."  Defendants deny any remaining allegations of Paragraph 284 of the Complaint.

**Induced Non-Infringement By MGI Americas**

285.     Paragraph 285 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 285.

286.     Paragraph 286 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 286.

287.     Paragraph 287 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 287.

288.     Paragraph 288 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 288.

289.     Defendants admit that Ex. 28 of the Complaint states that MGI Americas' field service engineer, Abigail Frank, "services NGS instruments and lab automated workstations at

Complete Genomics in San Jose, as well as external customers throughout North and South America."  Defendants deny any remaining allegations of Paragraph 289 of the Complaint.

290.    Paragraph 290 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 290.

291.    Paragraph 291 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 291.

292.    Paragraph 292 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 292.

293.    Paragraph 293 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 293.

**Contributory Non-Infringement By BGI Americas**

294.    Paragraph 294 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 294.

295.    Paragraph 295 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 295.

**Non-Infringement Under 271(f) By MGI Americas**

296.    Paragraph 296 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 296.

**Willful Non-Infringement By MGI Americas**

297.     Paragraph 297 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 297.

298.     Para graph 298 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 298.

299.     Paragraph 299 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 299.

**CGI's Non-Infringement of the '025 Patent**

300.     Paragraph 300 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 300.

**Direct Non-Infringement By CGI**

301.     Paragraph 301 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 301.

**Induced Non-Infringement by CGI**

302.     Paragraph 302 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 302.

303.     Paragraph 303 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 303.

304.     Paragraph 304 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 304.

305.    Paragraph 305 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 305.

306.    Paragraph 306 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 306.

307.    Paragraph 307 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 307.

308.    Paragraph 308 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 308.

309.    Paragraph 309 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 309.

**Contributory Non-Infringement by CGI**

310.    Paragraph 310 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 310.

311.    Paragraph 311 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 311.

**Non-Infringement Under 271(f) By CGI**

312.    Paragraph 312 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 312.

**Willful Non-Infringement By CGI**

313.    Paragraph 313 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 313.

314.    Paragraph 314 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 314.

315.    Paragraph 315 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 315.

## RESPONSE TO PRAYER FOR RELIEF

316.    Defendants deny that Plaintiff is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

317.    Plaintiff's request for a jury trial does not require a response by Defendants. Defendants also request a jury trial of all issues triable to a jury in this action.

## AFFIRMATIVE DEFENSES

318.    Defendants repeat and reallege its answers to Paragraphs 1 through 317 as if fully set forth herein.

319.    Defendants deny that Illumina is entitled to any relief against Defendants.

320.    Without assuming any burden of proof that it would not otherwise bear, Defendants assert the following separate and additional defenses, all of which are pled in the alternative, and none of which constitute an admission that Defendants are in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein (unless specifically stated otherwise), Defendants allege each of the following:

## FIRST DEFENSE – NONINFRINGEMENT

321.    Defendants have not infringed, and are not infringing, directly, contributorily, or by inducement, any valid claim of the Asserted Patents.  Defendants are not liable in any respect for any alleged infringement of the Asserted Patents by any other individual or entity.

## SECOND DEFENSE – INVALIDITY

322.    Each claim of Plaintiffs' asserted patents is invalid for failing to comply with one or more of the requirements for patentability under, including but not limited to, 35 U.S.C. §§ 101, 103, 112, and the judicial doctrine of obviousness-type double patenting.  By way of example only, claim 3 of the '444 Patent is obvious over Zavgorodny 1991 and/or Zavgorodny 2000, and claim 13 of the '973 Patent and claim 1 of the '025 Patent are obvious over Zavgorodny 1991 and/or Zavgorodny 2000, in combination with either or both Tsien or Ju.[3]  Also by way of example, claim 1 of each of Plaintiffs' asserted patents is also invalid for failing to sufficiently describe an azido protecting group such that one of ordinary skill would have known that the inventors were in possession of the claimed invention as of the filing date.  As a further example, claim 1 of each of Plaintiffs' asserted patents is also invalid for being overly broad in scope and not adequately supported by enabling disclosure.

## THIRD DEFENSE – ESTOPPEL, LACHES, WAIVER, ACQUIESCENCE & UNREASONABLE DELAY

323.    Illumina's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, acquiescence, and/or unreasonable delay because Illumina unreasonably delayed in bringing suit until well after the relevant events occurred.  Illumina unreasonably delayed in bringing suit until well after each of these effects occurred, despite the substantial harm they allegedly produced.  Assuming arguendo that any actionable harm occurred, this delay, in part, prevented Defendants from curing any injury with Illumina, causing material prejudice and injury

---

[3] Roger Y. Tsien et al., WO 91/06678 A1 (published May 16, 1991) ("Tsien"); Jingyue Ju et al., U.S. Patent 6,664,079 B2 (Dec. 16, 2003) ("Ju"); Sergey Zavgorodny et al., *1-Alkylthioalkylation of Nucleoside Hydroxyl Functions and Its Synthetic Applications,* TETRAHEDRON LETTERS 32:7593-96 (1991) ("Zavgorodny"); S.G. Zavgorodny et al., *S,X-Acetals in Nucleoside Chemistry, III, Synthesis of 2′- and 3′-O-Azidomethyl Derivatives of Ribonucleosides,* NUCLEOSIDES, NUCLEOTIDES & NUCLEIC ACIDS 19:1977-91 (2000) ("Zavgorodny 2000").

49

to Defendants.  Illumina has known that BGI Genomics has offered sequencing services in foreign countries and that CGI has had a research facility in the Silicon Valley as of 2010, when CGI filed a motion to transfer a suit brought by Illumina to this District.  *Illumina Inc. et al v. Complete Genomics Inc.*, Case No. 3:10-cv-05542-EDL Dkt. at 12.

## FOURTH DEFENSE – STATUTE OF LIMITATIONS

324.   Illumina's purported claims for patent infringement are barred, in whole or in part, to the extent that they allege acts of infringement barred by the statute of limitations.  35 U.S.C § 286 states that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."  *See* 35 U.S.C. § 286.  Therefore, Illumina is not entitled to recover damages from any period before six years prior to the filing of the complaint in this matter.

## FIFTH DEFENSE – ADEQUATE REMEDY AT LAW

325.   Illumina has an adequate remedy and the alleged injury to Illumina is not immediate or irreparable at law.  Any injury, to the extent any occurred, could be cured with damages alone.  Accordingly, there is no factual or legal basis for a grant of equitable relief.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

326.   Defendants reserve the right to offer any other and additional defense that is now or may become available or appear during, or as a result of, discovery proceedings in this action.

Dated:  March 19, 2020

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____*/s/ Katie J.L. Scott*_____

Attorneys for Defendants

BGI AMERICAS CORP., MGI TECH CO. LTD., MGI AMERICAS INC., and COMPLETE GENOMICS INC.

51