| | |
|---|---|
| EDWARD R. REINES (Bar No. 135960) | GARLAND T. STEPHENS (Bar No. 24053910) |
| edward.reines@weil.com | garland.stephens@weil.com |
| DEREK C. WALTER (Bar No. 246322) | DOUGLAS W. MCCLELLAN (*pro hac vice*) |
| derek.walter@weil.com | doug.mcclellan@weil.com |
| CHRISTOPHER S. LAVIN (Bar No. 301702) | MELISSA L. HOTZE (*pro hac vice*) |
| christopher.lavin@weil.com | melissa.hotze@weil.com |
| WEIL, GOTSHAL & MANGES LLP | WEIL, GOTSHAL & MANGES LLP |
| 201 Redwood Shores Parkway | 700 Louisiana, Ste. 1700 |
| Redwood Shores, CA 94065 | Houston, TX 77002 |
| Telephone: (650) 802-3000 | Telephone: (713) 546-5000 |
| Facsimile: (650) 802-3100 | Facsimile: (713) 224-9511 |

ANDREW P. GESIOR (*pro hac vice*)
andrew.gesior@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs,*
ILLUMINA, INC. AND
ILLUMINA CAMBRIDGE LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILLUMINA, INC. and<br>ILLUMINA CAMBRIDGE LTD.,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>BGI GENOMICS CO., LTD.,<br>BGI AMERICAS CORP.,<br>MGI TECH CO., LTD.,<br>MGI AMERICAS, INC., and<br>COMPLETE GENOMICS INC.,<br><br>   *Defendants*. | Case No. 3:20-cv-01465-WHO<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' REPLY AND REQUEST FOR LEAVE TO FILE SUR-REPLY**<br><br>Date: January 27, 2021<br>Time: 2:00PM<br>Judge William H. Orrick |

Pursuant to N.D. Cal. L. R. 7-3(d)(1), Illumina objects to Defendants' reply in support of their motion to amend and respectfully requests leave to file a sur-reply, which is attached hereto as Exhibit A. Defendants' reply brief is objectionable, and a sur-reply is warranted, for several reasons.

Defendants' opening brief in support of their motion to amend was roughly four pages long and presented argument that was properly confined to the substance of their proposed amended pleading. *See* Dkt. No. 233. In stark contrast, Defendants' reply bursts to over 14 pages and is packed with evidence and theories that were absent both from Defendants' opening brief and their proposed amended complaint. *See generally* Dkt. No. 241-4.

Most important, Defendants' reply focuses on new allegations that Defendants "plagiarized" the work of Zavgorodny and then only "begrudgingly" submitted this work after it was the basis of an Examiner rejection. *See id.* at 5-7. This, however, is erroneous. The prosecution history shows that the applicants submitted Zavgorodny at the very beginning of prosecution, ***years before*** the Examiner issued her rejection based on Zavgorodny. It would be unjust if Defendants were permitted to misstate the record on reply without an opportunity for Illumina to address the misstatement, particularly in view of how much Defendants emphasize the issue. For this reason alone, a sur-reply should be permitted.

In addition to this misstatement of the prosecution history, Defendants reply brief includes several new pieces of evidence that Illumina has never had an opportunity to address. For instance, to buttress their allegations of intent to deceive, Defendants rely heavily on deposition testimony from the inventors regarding the working conditions in the inventors' laboratory that was not presented in Defendants' opening brief or proposed amended pleading. *See id.* at 3-4. Likewise, to try and overcome serious defects in their materiality positions, Defendants' reply brief includes pages of detail and three new figures regarding the specific chemical reagents used in the prior art. *See id.* at 6-9. This material too was not mentioned in Defendants' opening brief or proposed amended pleading. Again, it would be unjust if Illumina were not permitted to address such evidence that was improperly submitted for the first time on reply.

Courts routinely allow sur-replies in the circumstances presented here. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to

respond (alterations in original) (citation omitted); *Acer, Inc. v. Technology Properties Ltd.*, No. 08-cv-00877, 2012 WL 6053968, at *1 (N.D. Cal. Dec. 4, 2012) (granting leave to file sur-reply to respond to "new arguments and new evidence").

For the foregoing reasons, Illumina objects to Defendants' reply and requests leave to file the attached sur-reply.

Date: January 20, 2021        /s/ *Edward R. Reines*
Edward R. Reines

EDWARD R. REINES (Bar No. 135960)
DEREK C. WALTER (Bar No. 246322)
CHRISTOPHER S. LAVIN (Bar No. 301702)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com
christopher.lavin@weil.com

GARLAND T. STEPHENS (Bar No. 24053910)
DOUGLAS W. MCCLELLAN (*pro hac vice*)
MELISSA L. HOTZE (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Ste. 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
garland.stephens@weil.com
doug.mcclellan@weil.com
melissa.hotze@weil.com

ANDREW P. GESIOR (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
andrew.gesior@weil.com

*Attorneys for Plaintiffs*
ILLUMINA, INC. AND ILLUMINA CAMBRIDGE LTD.