UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ILLUMINA INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD., et al.,<br><br>Defendants. | Case No.  20-cv-01465-WHO<br><br>**ORDER GRANTING MOTION TO AMEND**<br><br>Re: Dkt. No. 260 |

## INTRODUCTION

Defendants BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Americas Inc., and Complete Genomics Inc. (collectively "BGI") move for leave to amend their invalidity contentions to add a reference to *Simple Synthesis of 5-Vinyl- and 5-Ethynyl-2'-Deoxyuridine-5'-Triphosphates*, 29 Tetrahedron Letters 4525 (1988) ("*Kovacs*").  Plaintiffs Illumina, Inc. and Illumina Cambridge Ltd. (collectively "Illumina") oppose the motion, arguing that BGI did not diligently seek leave to amend and that amendment would unfairly prejudice Illumina.  For the reasons discussed below I conclude that BGI has good cause to amend, acted with reasonable diligence in seeking leave to amend, and that amendment would not unduly prejudice Illumina.  Accordingly, BGI's motion for leave to amend is GRANTED.

## BACKGROUND

In 2017, defendant Complete Genomics Inc. ("CGI") filed two IPR petitions challenging U.S. Patent 7,566,537, which Illumina has asserted in the related action, *Illumina. Inc. v. BGI Genomics Co., Ltd.,* Case No 3:19-cv-03770 (N.D. Cal. June 27, 2019) ("*Illumina I*").  In support of those petitions, CGI submitted lengthy expert declarations from Dr. John D. Sutherland, who cited many prior art references.  Dkt. No. 264 ("Opp.") at 3.  These declarations did not cite or

reference *Kovacs*.

In April 2020, while opposing Illumina's motion for preliminary injunction in this action, BGI submitted another declaration from Dr. Sutherland.  *See*, Dkt. No. 68-4.  This declaration also cites many prior art references allegedly relevant to Illumina's patents, but does not cite or reference *Kovacs*.  *See id.*

In April 2020, Illumina produced a number of handwritten notebooks to BGI.  Dkt. No. 239 at 4.  Over 300 notebooks have been produced to BGI in this action.  Dkt. No. 233-1 ("Milowic Decl.").  On November 26, 2020, while preparing to take the December 10, 2020 deposition of Dr. Xiaolin Wu, BGI counsel discovered a reference to *Kovacs* in one of these handwritten notebooks.  Dkt. No. 268 ("Toker Decl.") ¶ 3.  Counsel obtained a copy of *Kovacs* on November 30, 2020, and reviewed *Kovacs* for the first time that day.  *Id.*  After discovering and reviewing *Kovacs*, BGI determined that it was relevant prior art in this action because it allegedly discloses the same methodology that Drs. Liu and Wu – inventors of the '444 and '973 patents – used to convert nucleosides to nucleotides and because it provides a motivation for a person of ordinary skill in the art ("POSITA") to convert nucleosides to nucleotides.  Dkt. No. 271 ("FAA") ¶¶ 337-340.

On December 9, 2020, BGI moved to amend its answer to add an inequitable conduct defense based on Illumina allegedly concealing *Kovacs* as a prior art reference.  Dkt. No. 225.  On December 17, 2020, BGI reached out to Illumina to seek Illumina's consent to amend its invalidity contentions to add *Kovacs*.  Dkt. No. 260-3 ("Bilsker Decl. Ex. 2") at 2-3.  At Illumina's request, BGI explained its position regarding why amendment was justified in a December 18, 2020 email. *Id.*  Illumina informed BGI that it would not consent to the amendment with a detailed explanation of its position on December 31, 2020.  Dkt. No. 260-4 ("Bilsker Decl. Ex. 3") at 2.  The parties met and conferred on January 6, 2021 but did not reach an agreement.  Dkt. No. 260 ("Mot.") at 4.

BGI filed the present motion to amend on January 27, 2021.  *See* Mot.  BGI filed an opposition on February 10, 2021, *see* Opp, and on February 17, 2021 BGI filed its reply, *see* Dkt. No. 265 ("Reply").  On February 26, 2021 I directed BGI to file a supplemental declaration clarifying the date on which BGI discovered the *Kovacs* reference.  *See* Dkt. No. 267.  BGI filed a

United States District Court
Northern District of California

1   supplemental declaration clarifying this fact on March 3, 2021.  *See* Toker Decl.

2                                      **LEGAL STANDARD**

3          "Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery

4   by replacing the series of interrogatories that parties would likely have propounded without

5   it." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2014 WL

6   1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and modifications omitted).

7   The disclosures required under Rule 3 are designed "to require parties to crystallize their theories

8   of the case early in the litigation and to adhere to those theories once they have been

9   disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123

10   (N.D. Cal. 2006).  "They are also designed to provide structure to discovery and to enable the

11   parties to move efficiently toward claim construction and the eventual resolution of their

12   dispute." *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at

13   *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted); *see also O2 Micro Int'l Ltd. v.*

14   *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in

15   the Northern District of California [require] both the plaintiff and the defendant in patent cases to

16   provide early notice of their infringement and invalidity contentions, and to proceed with diligence

17   in amending those contentions when new information comes to light in the course of discovery.

18   The rules thus seek to balance the right to develop new information in discovery with the need for

19   certainty as to the legal theories.").

20          Patent Local Rule 3-6 permits amendment of infringement contentions only by order of the

21   Court, and only upon a "timely showing of good cause."  Patent L.R. 3-6. Rule 3-6 lists several

22   examples of "circumstances that may, absent undue prejudice to the nonmoving party, support a

23   finding of good cause."  *Id.*  These include:

24          (a) A claim construction by the Court different from that proposed by the party
            seeking amendment; (b) Recent discovery of material, prior art despite earlier
25          diligent search; and (c) Recent discovery of nonpublic information about the
            Accused Instrumentality which was not discovered, despite diligent efforts, before
26          the service of the Infringement Contentions.

27   *Id.*  In determining whether a party has established good cause, courts first look to whether the

28   party has shown that it has acted with diligence.  *See O2 Micro*, 467 F.3d at 1366.  "[I]f the

                                                3

1  moving party was not diligent, the inquiry should end." *Apple Inc. v. Samsung Electronics Co.*

2  *Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal

3  quotation marks omitted). On the other hand, "[i]f the court finds that the moving party has acted

4  with diligence, it must then determine whether the nonmoving party would suffer prejudice if the

5  motion to amend were granted." *Id.* (internal quotation marks omitted).

6  **DISCUSSION**

7  BGI argues that there is good cause to amend its invalidity contentions under Patent Local

8  Rule 3-6 because it recently discovered material prior art, the *Kovacs* reference, despite an earlier

9  diligent search. Illumina opposes the motion arguing that BGI was not diligent in discovering

10  *Kovacs* or in seeking leave to amend and that amendment would unduly prejudice Illumina. As

11  discussed in more detail below, I conclude that BGI has acted with reasonable diligence and that

12  amendment would not unduly prejudice Illumina.

13  **I.    DILIGENCE**

14  I concluded in my prior order granting BGI leave to amend its answer that BGI acted with

15  reasonable diligence in discovering the *Kovacs* reference in the notebooks produced by Illumina.

16  As I wrote:

17  BGI acted with reasonable diligence. BGI and Illumina agree that the relevant
   notebook in which BGI discovered the reference to Kovacs was produced in April
18  2020 and that more than 300 notebooks have been produced in this case. *See*
   Milowic Decl. ¶ 2; Opp. at 4. BGI argues that, given the large number of
19  notebooks produced with handwritten notes – which are not computer searchable –
   and the relative illegibility of the relevant notation, it is reasonable that BGI did
20  not discover the Kovacs reference until it was preparing for Dr. Wu's deposition
   set for early December. Mot. at 4. Illumina counters that BGI did not act
21  diligently, emphasizing that BGI had the notebook for over seven months before
   seeking leave to amend at the very last minute. Opp. at 12.
22
   BGI's motion is based primarily on the discovery of a single, hard-to-read,
23  handwritten notation in a notebook belonging to a non-inventor of the '444 and
   '973 patents. It is reasonable that it would take some time for BGI to manually
24  review more than 300 notebooks and that BGI might prioritize the notebooks
   belonging to the patent inventors as part of its review process. It is also reasonable
25  that it would take BGI some time to decipher or discover the relevance of the
   particular notation at issue here, given that the note is difficult to make out, the
26  reference – if it is to Kovacs – lists the wrong publication year, and BGI was not
   previously focused on the Kovacs publication as relevant prior art. For these
27  reasons I conclude that BGI has acted with reasonable diligence and any delay in
   seeking leave to amend is not a sufficient basis to deny leave.
28

Dkt. No. 263 at 5.

Illumina argues that my prior order is not dispositive on this point and asserts that BGI has failed to demonstrate that it undertook a reasonably diligent search for prior art prior to the production of the notebooks. Opp. at 6-7. It asserts that a basic google scholar search for "'proton sponge' AND nucleotide nucleoside," terms relevant to *Kovacs* and the patents in suit, returns a hit for the *Kovacs* cite. *Id.* Illumina notes that BGI has failed to explain or disclose what searches it conducted for prior art and argues that, given defendants "multi-year attempts to invalidate the patents in suit, this omission belies Defendants' claim of diligence." *Id.* at 8.

I do not find this argument convincing. "Unsuccessful prior art searches, standing alone, do not demonstrate an absence of diligence." *Network Prot. Scis., LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013). Nor would a diligent search necessarily include the search Illumina describes. As BGI notes, although *Kovacs* does discuss proton sponges, that is not the primary reason BGI is now asserting *Kovacs* as relevant prior art and it is reasonable that BGI would not have thought to conduct that exact search, which has the benefit of hindsight.

Nor is it always necessary for a party to describe their search process in detail to establish diligence. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Crop.*, Case No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *4 (N.D. Cal. May 13, 2016) (noting that "describing the search in detail [was] not necessary" where diligence was evident from other information). Illumina acknowledges that BGI's initial invalidity contentions "charted over 29 different alleged prior art references." Opp. at 13. BGI notes that these contentions "included thousands of pages of analysis and hundreds of references as background and state-of-the-art." Reply at 4. Illumina also emphasizes that one of BGI's experts, Dr. Sutherland, produced a detailed, 64-page declaration in opposition to Illumina's motion for a preliminary injunction, which "identifies multiple prior art references" but does not include a reference to Kovacs.[1] But BGI's submission from Dr.

---

[1] Illumina also emphasizes that CGI submitted lengthy reports from Dr. Sutherland in its 2017 IPR petitions challenging patent '537. This proceeding does not appear particularly relevant to the question of diligence here as the relevant prior art references for patent '537 might differ from the separate patents BGI currently argues are invalid in part due to *Kovacs*.

United States District Court
Northern District of California

1   Sutherland and its detailed initial invalidity contentions are evidence that BGI conducted a

2   reasonably diligent search for prior art at the outset of this case and before preparing its initial

3   invalidity contentions.  *See id.* (finding diligence where initial invalidity contentions "included

4   over 500 prior art references among the 31 claim charts and 400 additional pages of analysis

5   addressing KSEA's claims.  It strains credulity to image that Stryker was not diligent in

6   uncovering and evaluating this many references").

7         Further, as discussed in my prior Order, BGI acted with reasonable diligence in

8   discovering *Kovacs* within the handwritten notebooks.  For these reasons, I conclude that BGI was

9   reasonably diligent in discovering the *Kovacs* reference.

10         Illumina also argues that BGI has failed to demonstrate that it acted diligently in seeking

11   leave to amend its invalidity contentions after discovering *Kovacs*.  Opp. at 10-11.  I disagree.  In

12   a supplemental declaration submitted at my request, BGI counsel Toker declares that she first

13   discovered the *Kovacs* reference on November 26, 2020, and was first able to review *Kovacs* on

14   November 30, 2020.  Toker Decl. ¶ 3.  BGI filed its motion for leave to amend its answer to add

15   an inequitable conduct defense based on the *Kovacs* reference on December 9, 2020.  It first

16   requested Illumina's consent to amend its invalidity contentions on December 17, 2020, which

17   was followed by several weeks of email correspondence and meet and confer efforts on the issue

18   between the parties.  *See* Bilkser Decl. Exs. 2, 3.  The parties met and conferred on January 6,

19   2021, but were not able to reach an agreement regarding amendment.  BGI subsequently filed its

20   motion for leave to amend its invalidity contentions on January 27, 2021.

21         Although the total time from BGI's discovery of *Kovacs* to filing the motion for leave was

22   two months, during much of that time the parties were meeting and conferring on the issue.  BGI

23   publicly disclosed its discovery of *Kovacs* in its motion for leave to amend its answer on

24   December 9, 2020, and first requested leave to amend its invalidity contentions on December 17,

25   2020, just a few weeks after discovering the reference.  Illumina has not identified any analogous

26   cases where a court has found a lack of diligence on similar facts.  Instead, the cases it cites all

27   involved unexplained or unjustified delays of two months or longer.  *See e.g. Johnstech Int'l Corp.*

28   *v. JF Microtechnology SDN BHD*, Case No. 14-cv-02864-JD, 2016 WL 6836965, at *1-2 (N.D.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Cal. Mar. 10, 2016) (holding that party was not diligent in seeking leave where it waited nearly

2   two months to amend after the importance of the reference became clear); *Via Technologies, Inc.*

3   *v. ASUS Computer International*, Case No. 14-cv-03586-BLF (HRL), 2017 WL 396172, at *xx

4   (N.D. Cal. Jan. 30, 2017) (party was not diligence in seeking leave where it "waited two-and-a-

5   half months before serving its proposed amendments, and it waited another two weeks to file those

6   amendments with the court.").  In contrast, here BGI disclosed its intent to amend soon after

7   discovering the reference and much of the delay in moving for leave was due to the parties' good

8   faith effort to meet and confer on the issue.  On these facts, I conclude that BGI acted with

9   reasonable diligence in seeking leave to amend its invalidity contentions after discovering the

10  *Kovacs* reference.

11  ## II.    PREJUDICE

12       Illumina argues that amendment would unduly prejudice it because this case is at an

13  advanced stage, claim construction is complete, and the close of fact discovery is imminent.  Opp.

14  at 13.  It asserts that BGI's proposed amendments are likely to "contain a bevy of new

15  obviousness combinations and charts involving multiple different and yet-undefined references"

16  and that "[i]nvestigating and responding to these references with claim construction, discovery and

17  other issues and theories would be burdensome and disruptive, at a time when Illumina is shifting

18  its focus to expert discovery."  *Id.* at 13-14.  I do not find Illumina's claim of undue prejudice

19  persuasive here.

20       BGI seeks leave to add a single reference to *Kovacs* to its invalidity contentions.  Illumina

21  notes in its opposition that BGI's proposed amendment would include the following changes:

22
23   - For the '444 Patent, 'adding Kovacs in combination with the Zavgorodny
         references';

24   - For the '973 Patent, 'combining Kovacs with the primary sequencing-by-synthesis
         ("SBS") references and Zavgorodny(s)'; and

25
26   - Amending the '025 Patent claim charts, such that 'Kovacs is combined with the
         Zavgorodny reference(s) and the primary references that show 3'-O blocked
         nucleotides'.

27  Opp. at 13.  Although these changes likely will result in new obviousness combinations and claim

28  charts, Illumina has not presented a clear case of prejudice as a result.

United States District Court
Northern District of California

1    Illumina notes that the close of fact discovery is imminently approaching.  This is true, but

2  Illumina has been aware of the *Kovacs* reference since early December, when BGI first filed its

3  motion for leave to amend its answer, and *Kovacs* has been formally part of the case since early

4  February, when I granted that motion.  Illumina has therefore had some opportunity to conduct

5  relevant fact discovery on this issue.  In addition, as BGI points out, Illumina does not identify

6  "anything it would have done differently during fact discovery had it known about this reference

7  earlier," nor does it argue that it requires additional fact discovery or a change in the case schedule

8  to address the proposed amendment.  This makes sense as the added reference will likely be

9  addressed, primarily, during the expert discovery process, which has not yet begun.

10    Although the proposed amendment will likely require the parties, and Illumina, to address

11  additional issues, Illumina has failed to establish that it would be unduly prejudiced as a result.

12  Accordingly, I conclude that amendment would not unduly prejudice Illumina.

13                                            **CONCLUSION**

14    For the reasons discussed above, BGI's motion for leave to amend its invalidity

15  contentions is GRANTED.

16        **IT IS SO ORDERED.**

17  Dated: March 17, 2021

18

19    

20    William H. Orrick
    United States District Judge

21

22

23

24

25

26

27

28