UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BGI GENOMICS CO., LTD, et al.,<br><br>Defendants. | **DISCOVERY ORDER**<br><br>Case No. 19-cv-03770-WHO (TSH)<br><br>ECF Nos. 351, 352<br><br>Case No. 20-cv-01465-WHO (TSH)<br><br>ECF Nos. 363, 365 |

Illumina requests that the Court conduct an *in camera* review of three categories of documents it contends Defendants have improperly clawed back, redacted, or withheld. Defendants oppose the request, but if the Court is inclined to perform an *in camera* review, they request review of numerous documents that Illumina withheld, saying that Illumina's privilege log contains the same defects that Illumina contends exist in their privilege log. The Court treats these requests as motions to compel because each side is trying to get documents that it doesn't have by challenging the adequacy of the other side's privilege logs. Accordingly, with the March 26, 2021 close of fact discovery in these actions, Civil Local Rule 37-3 made April 2, 2021 the last day to move to compel. Thus, these motions are untimely unless they are merely supplemental briefing on a discovery dispute that was raised by April 2.

Illumina has a persuasive argument that its motion is. On March 31, 2021 the parties filed a joint discovery letter brief (20-1465 ECF No. 314, 19-3770 ECF No. 312), in which Illumina sought several forms of relief. It asked the Court to order Defendants to produce a privilege log, asserting that they had not yet produced a log for their unproduced and clawed back documents. Illumina explained that absent a log, it had no way to evaluate Defendants' privilege assertions, and it also had no idea how many documents Defendants had withheld. Illumina also stated that

for the clawed back documents, "many" included questionable clams of privilege. Illumina stated that Defendants as of that date had clawed back 159 documents on 18 separate occasions and that their pattern of behavior surrounding their clawbacks raised substantial questions. Illumina argued that on multiple occasions Defendants clawed back documents that on their face did not appear to be privileged. Illumina's letter also requested *in camera* review of six specific examples.

At the April 7, 2021 hearing the Court stated:

> My tentative thought is to tell the parties to exchange their privilege logs and then file a joint discovery letter brief following up on the March 31st letter, if there remains a dispute as to that. Now, fact discovery has closed, and the deadline to move to compel has passed. So I would be basically carrying forward the existing dispute that was filed on time and just seeing if the privilege log resolves it or if I need to do an in-camera review.

And the Court's discovery order at 20-1465 ECF No. 333 stated:

> The parties filed a joint discovery letter brief in which Illumina moved to compel on certain issues concerning attorney-client and work-product privilege. As discussed at the hearing, the parties are still negotiating on these issues, and those negotiations may narrow the dispute. Accordingly, the Court orders Defendants to serve a privilege log for the six documents for which Illumina sought in camera review by April 14, 2021. The parties shall exchange their remaining privilege logs by April 21, 2021. No later than May 5, 2021 the parties may file one or more joint discovery letter briefs concerning privilege issues that were timely raised under Civil Local Rule 37-3.

The Court agrees with Illumina that its current request for *in camera* review comes within the scope of its March 31 letter brief. Illumina made clear that it was broadly taking issue with Defendants' privilege assertions, that it thought many of the clawbacks were improper, and that the request for a privilege log was a necessary first step to evaluate all of Defendants' claims of privilege. The Court does not agree with Defendants that the privilege issues that were timely raised were limited to the six specific documents for which Illumina sought *in camera* review in the March 31 letter. That ignores the remainder of the letter, which was broadly directed at all of Defendants' claims of privilege, many of which were impossible evaluate without a privilege log. The Court's treats Illumina's May 5 letter brief requesting *in camera* review as a supplemental brief on a dispute that was timely raised.

By contrast, the Court does not see how Defendants' request for *in camera* review could

2

even possibly be considered timely. They filed nothing by the deadline to move to compel challenging Illumina's claims of privilege, and certainly nothing that broadly took issue with their opponent's claims of privilege. There is nothing symmetrical or fair about letting one side miss a deadline that the other side complied with. Besides, even if we imagine that the deadline to move to compel in Civil Local Rule 37-3 was tolled on privilege issues until the parties exchanged privilege logs on April 21, 2021, Defendants' May 5, 2021 letter brief was still untimely.[1] Accordingly, the Court denies Defendants' request for *in camera* review, 20-1465 ECF No. 363 & 19-3770 ECF No. 352.

As to Illumina's motion, in order to determine if a privilege log substantiates a claim of privilege, the Court must review the privilege log entry for a particular document. Illumina's motion lists the documents it wants the Court to review in exhibits 1 and 2, but the privilege log entries are in exhibits 3, 4, 6, 7 and 8, and exhibit 6 alone is more than 260 pages long. This makes the comparison laborious. The Court orders Illumina to refile exhibits 3, 4, 6, 7 and 8, with each of the challenged entries highlighted, with each attorney's name highlighted (if there are any), with an additional column identifying the group each challenged entry is in (business documents, design around and technical documents), and omitting every page in which there is no challenged entry. Log entries no longer at issue because of exhibit 16 shall be omitted. Illumina shall file these revised exhibits within seven days.

**IT IS SO ORDERED.**

Dated:

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The Court's discovery order set a May 5 deadline to brief "privilege issues that were timely raised under Civil Local Rule 37-3," 20-1465 ECF No. 333, not to raise new issues, which is what Defendants did.