UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BGI GENOMICS CO., LTD, et al.,<br><br>    Defendants. | Case No. 19-cv-03770-WHO<br>20-cv-1465-WHO<br><br>**TENTATIVE RULINGS ON POST-TRIAL MOTIONS** |

Below are tentative rulings on the pending post-trial motions. Each side will have 30 minutes to address them at the hearing on March 2, 2022.

1. **Renewed Motions for Judgment as a Matter of Law and Motion for a New Trial:**

    a. **Claim 3 of the '444 Patent** – DENIED. There is sufficient evidence to support the jury's conclusion that it was obvious to convert the Zavgorodny 3'-*O* blocked nucleoside to a nucleotide for antiviral applications. Given the strong evidence of obviousness, secondary considerations are inadequate to establish non-obviousness.

    b. **Claim 1 of the '025 Patent** – GRANTED. There is no substantial evidence of motivation to combine the elements other than the sequencing theory, which was rejected by the jury.

    c. **Claim 13 of '973 Patent** – DENIED. There is sufficient evidence to support the jury's conclusion that it was not obvious to try the azidomethyl blocking group for the purposes of sequencing-by-synthesis. Secondary considerations support this

finding of non-obviousness.  There is also sufficient evidence to support the jury's conclusion that claim 13 satisfied the written description requirement.  The claimed invention is the use of the azidomethyl blocking group for SBS and not the use of incorporated unlabeled nucleotides.  Illumina's characterizations of the prior proceedings related to the '537 Patent and its use of the Balasubramanian demonstrative during closing arguments does not warrant a new trial.

d. **Asserted Claims of '537, '200, and '025 Patents** – DENIED, for the same reasons that claim 13 of the '973 Patent is non-obvious.

e. **Willfulness** – DENIED.  The law does not require Illumina to individually prove knowledge of each asserted patent one-by-one.  There is sufficient evidence of Defendants' specific intent to infringe from the totality of the circumstances.  Illumina's statements that Defendants did not dispute infringement at trial do not warrant a new trial.  Because of the ample evidence in support of the willfulness verdict, Defendants' argument for a new trial on the grounds that the jury's willfulness finding may have been based in part on the invalidated '444 Patent fails.

f. **Indirect Infringement** – DENIED.  There is sufficient evidence to support the jury's finding that different Defendant entities induced and contributed to the infringement of another Defendant entity.

g. **Damages** – DENIED.  The $8 million award is supported by sufficient evidence even though Prowse failed to consider the time value of money and relied on inflated number of R&D expenditures.

h. **Defendants' Ties to China** – DENIED.

**2. Motion for Permanent Injunction**

GRANTED because (1) absent a permanent injunction Illumina will suffer irreparable harm; (2) the balance of hardships tips in favor of Illumina; (3) monetary damages are inadequate to compensate Illumina; and (4) a permanent injunction would be in the public interest.  Illumina does not have unclean hands.  The permanent injunction includes R&D activities but it excludes (1) the promotion, advertising, and marketing of the Accused Products for sale after the patents expire; and (2) any offer to sell an Accused Product in the United States before the patents expire, where the actual sale will take place after the patents expire, so long as Defendants provide a conspicuous written disclaimer with any such offer.

**3. Motion for Attorney Fees and Enhanced Damages**

DENIED.  This is not an "exceptional" case of egregious conduct that warrants attorney fees and the second, third, fourth, fifth, and ninth *Read* factors weigh against enhancement.

**4. Motion for Prejudgment Interest**

GRANTED, at the prime rate compounded annually.



William H. Orrick
United States District Judge

3